WILLIAM B. HOWARD and others *vs.* WILLIAM HOWARD, jun.

A deed of conveyance, executed by the true owner, while there is a person holding adversely, is void as against the possessor and all persons who have succeeded to his right; although it is good against the grantor and his heirs, and persons not standing in legal privity with him who holds adversely.

To bar a recovery by the true owner, the possession must have continued for twenty years; but to avoid a deed, it need not have continued for any given length of time.  All that is required is possession in a third person, at the time of the delivery of the deed, and that it be adverse to the true owner.

When the title is proved to be in a person out of possession, and the defendant claims to hold by adverse possession, he must establish his claim by positive, affirmative proof, and not leave it to inference.

To constitute a possession adverse to the true owner, there must be a claim of title, and the claim must be of the entire title.  It must be such as necessarily to exclude the idea of title in any other person.

If it appears that the title claimed is subservient to, and admits the existence of, a higher title, the possession is not adverse.

Thus, where a son entered upon land belonging to his father, as the land of the latter, and by his permission, and continued to hold the premises, in the hope that his father would convey to him by deed, or devise to him by will; *Held*, that such an occupation lacked all the essential attributes of an adverse possession; and could not have the effect to avoid a deed from the father; nor would it, by a continuance of twenty years and upwards, ripen into a title.

THIS was an appeal by the plaintiffs, from a judgment of nonsuit, at the circuit.  The action was brought to recover the possession of real estate.

The complaint set forth that William Howard sen., being seised in fee simple, conveyed the same to the plaintiff by deed, in or about the month of May, 1852. The defendant denied the material allegations in the complaint, and claimed that the deed from Howard, sen. to the plaintiffs, under which they sought to recover, was null and void under the statute. He alleged that Howard ￼sen. brought an action against his son, the defendant in this suit, to recover the possession of premises, then in the possession of the latter, including those in this action, in which action Howard junior denied Howard senior's right to recover, and claimed title. That said action was, during the month of March, 1852, discontinued, leaving Howard junior in the possession of premises, including those in this action ; said action of Howard senior never having been tried. The defendant also alleged that Howard junior had had the actual possession of the premises in question, cultivating and improving the same for many years, claiming to be owner. That he took possession of said premises, claiming title, upwards of 28 years prior to the bringing of this action, and had continued in such possession ever since. And that the deed to the plaintiffs was made, executed and delivered, while the defendant Howard, jun. was in the actual and adverse possession of the premises.

The present action came on to be tried in February, 1853, before Justice Barculo and a jury, when said justice, after the plaintiffs had rested their case, decided that the deed, under which the plaintiffs claimed, having been given while the defendant held the premises adversely, was invalid, and ordered the plaintiffs to be nonsuited.

*James L. Campbell*, for the plaintiffs.

*W. H. Cowenhoven*, for the defendant.

*By the Court*, Brown, J. The premises in dispute are a part of the farm known as the Howard farm, situate at East New-York, in the counties of Kings and Queens, formerly owned by William Howard, sen., the grandfather of the plaintiffs and the father of the defendant. The plaintiffs claimed title under

Howard *v.* Howard.

a deed in fee from William Howard, sen. bearing date the 15th day of May, 1852, and they were nonsuited at the trial, upon the ground that at the time the deed was executed and delivered William Howard, jun. was in the possession of the premises, holding adversely to the plaintiffs' grantor.

A deed of conveyance executed by the true owner, while there is a person holding adversely, is void as against the possessor and all persons who have succeeded to his right, although it is good against the grantor and his heirs and persons not standing in legal privity with him who holds adversely. "Nothing in action, entrie or re-entrie can be granted over, for so, under colour thereof, pretended titles might be granted to great men, whereby right might be trodden down and the weake oppressed, which the common law forbiddeth, as men to grant before they be in possession." (1 *Inst.* 214 *a.*) "Every grant of land shall be absolutely void, if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." (1 *R. S.* 732, § 147.) To bar a recovery by the true owner, the possession must have continued for 20 years; but to avoid a deed it need not have continued for any given length of time. All that is required is possession in a third person at the time of the delivery of the deed, and that it be adverse to the true owner. When a deed has been executed and delivered, of lands held adversely, an action to recover the possession, against the person holding adversely, or against any person holding under or in privity with him, must be brought in the name of the grantor in the deed, and not in the name of the grantee, and should there be a recovery, it enures to the benefit of the grantee. "But as against a stranger, one who does not stand in legal privity with him who holds adversely when the deed was made, the grantee must sue." (*Livingston* v. *Proseus*, 2 *Hill*, 526.)

The principal question is upon the character of the younger Howard's possession. He was doubtless in the actual occupation, at the time of the delivery of the deed; but was his possession adverse and in hostility to the true owner? Until it is shown to be otherwise, the possession is deemed to be in subordi-

nation to the true title.    When the title is proved to be in a person out of the possession and the defendant claims to hold by adverse possession, he must establish his claim by positive affirmative proof, and not leave it to inference.    Some of the authorities hold that a possession, to be adverse, must be hostile in its commencement.    (*Jackson* v. *Waters*, 12 *John.* 365.    *Jackson* v. *Camp*, 1 *Cowen*, 605.)    The proposition is subject, nevertheless, to some qualification.    " The principle, however, that possession must in its inception be adverse, and continue so, is not well understood.    In those cases in which the observation occurs nothing has happened to change the character of the first possession, and that was considered as denoting *quo animo*, the possession was held after the first entry.    If one enter on land without any title, or claim or color of title, the law adjudges the possession to the legal owner ; and no length of possession will render the holding adverse to the title of the owner.    But if a man enters on land without claim or color of title and no privity exists between him and the real owner, and such person acquires afterwards what he considers a good title, from that moment his possession becomes adverse." (*Jackson* v. *Thomas,* 16 *John. R.* 293.    *See also Jackson* v. *Johnson,* 5 *Cowen,* 74.)

William Howard, jun. had no deed, and no paper title of any description.    The parol evidence taken in the case does not furnish the requisite properties of an adverse possession, because it does not show what was the nature of his claim.    The witnesses say he was in the actual possession, and had been for many years cultivating and improving the premises.    But whether he claimed as tenant, or owner, does not appear.    Whenever the proof disclosed, as it did upon the trial of this action, that another person was the real owner, such a possession, upon the principle already stated, is deemed to be in subordination to the true title.

The defendant, however, relies mainly upon the proof furnished by the pleadings in an action brought by William Howard, sen. against him, in this court, to recover possession of the same premises, which were read in evidence upon the trial.    The

Howard v. Howard.

complaint and the answer were sworn to by the respective parties, the one in April and the other in May, 1850, and the action was discontinued by an order entered with the clerk on the 9th of March, 1852. The complaint alleges the possession and seisin of the elder Howard, in fee, for nearly 60 years. That about three years before the commencement of the action the defendant entered into the possession, by the license and permission of the elder Howard, with the understanding that when the same, or any part thereof, were sold, he should immediately surrender the possession. The answer does not deny the seisin and possession as stated in the complaint, but says "that more than 20 years since the plaintiff in the action told the defendant he would give him 20 acres of the lands described in the complaint, together with other lands, and the defendant entered into the possession at the request of the plaintiff, and has from that time used, cultivated and improved the same as his own property, believing the plaintiff would give him a deed therefor whenever the same was prepared. That as he understood from the plaintiff, he (the plaintiff) had made a will and confirmed the same lands to the defendant. That he neglected to have the deed prepared until he ascertained the plaintiff was incapable by reason of age and infirmity of executing such conveyance." It also "denied that the defendant occupied under the agreement mentioned in the complaint," and said "that the defendant is advised that his title has become complete by reason of his occupancy." The pleadings contain other allegations to which it is needless to refer, because they do not affect the character of the defendant's possession. Assuming the truth of all that the answer contains, and construing all that is there asserted most favorably for the defendant, it comes far short of establishing a possession adverse to the true owner. To constitute such a possession there must be a claim of title, and the claim must be of the entire title. It must be such as necessarily to exclude the idea of title in any other person. "When a plaintiff has shown title, and the defendant relies on possession, the idea of right is excluded; the fact of possession, and the *quo animo* it was commenced and continued, are the only tests; and it must necessa-

Howard v. Howard.

rily be exclusive of any other right. This doctrine has often been repeated. Let me ask what is meant by the *quo animo*. Is it an intent to take possession of another man's land, knowing it to be so, and make it his own by 20 years' possession? This will not be pretended. Such an entry would be a mere trespass, and the person so trespassing with no other pretense or color of title will always be a trespasser. The *animo*, then, or the intent with which the entry is made, must be *bona fide* an entry, believing, in good faith, that the land is his and he has the title." (*Livingston* v. *The Peru Iron Co.*, 9 *Wend.* 511.) If it appears that the title claimed is subservient to, and admits the existence of, a higher title, the possession is not adverse. (*Smith* v. *Burtis*, 9 *John.* 180. *See also Jackson* v. *Johnson, supra.*) When Howard, jun. entered upon the land in dispute, he did not enter believing it to be his land, and that he had the title. On the contrary, he entered upon it as the land of Howard, sen. and by his permission. He does not even say, in his answer to the complaint of Howard sen., that he entered under any promise or agreement that he should have a conveyance; and until an effort was made to recover the possession, he does not seem ever to have claimed the title, but recognized and acknowledged the plaintiff's grantor as the true owner. Nothing has occurred since he entered, to change the nature of his claim or the character of his possession. So far from obtaining any deed or conveyance upon which he might found a claim of title, he has continued to hold the premises in the hope that Howard, sen. would convey to him by deed, or devise to him by will. Such an occupation lacks all the essential attributes of an adverse possession, and cannot have the effect to avoid a deed from the true owner; nor would it by a continuance of 20 years and upwards ripen into a title. (*See Luce* v. *Carley*, 24 *Wend.* 451.) As the view already taken is decisive of the only question raised at the trial, it is unnecessary to notice the effect of an adverse possession upon a deed the consideration of which is natural love and affection.

The judgment of nonsuit must be set aside and a new trial granted, with costs to abide the event.

[KINGS GENERAL TERM, Oct. 3, 1854. *Dean, Rockwell* and *Brown*, Justices.]