THOMAS J. CHAMBERLAIN et al., Appellants, *v.* HASCAL L. TAYLOR et al., Respondents.

The provision of the Revised Statutes (2 R. S. 691, § 5) making it a misdemeanor to accept a conveyance of lands, which, to the knowledge of the grantee, are at the time held adversely, and the title to which is in litigation, does not affect the previous title of the grantor in a deed executed in violation thereof, and the conveyance is no defense to an action of ejectment brought by him.

If the deed be utterly void, the grantor may recover as owner of the legal title; if void only as to the defendants, the action is authorized by the

Code of Civil Procedure (§ 1501) in the name of the grantor for the benefit of the grantee.

*Chamberlain* v. *Taylor* (26 Hun, 601), reversed.

(Argued April 16, 1883; decided May 1, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of defendants, entered upon an order made at the April term, 1882, which overruled plaintiffs' exceptions, denied a motion for a new trial, and directed judgment upon a verdict. (Reported below, 26 Hun, 601.)

The nature of the action and the material facts are stated in the opinion.

*E. Darwin Smith* for appellants. The plaintiffs, having duly established on the trial title in themselves, were entitled to a verdict finding and asserting such title in fee, and to the possession of said premises, which were wrongfully withheld from them by the defendants. (Civil Code, §§ 1502, 1519.) The will of Chamberlain with the probate thereof, which devised all his real and personal estate to the plaintiffs, with directions to convert the same into money and divide same, vested the whole undisposed real estate of the testator, including the premises in question, in the plaintiffs. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 425, 431 441; *Dodge* v. *Pond*, 23 id. 69; *Powers* v. *Cassidy*, 79 id. 603, 614; *Shumway* v. *Harman*, 6 T. & C. 626; *Stagg* v. *Jackson*, 1 N. Y. 212; *Forsyth* v. *Rathbone*, 34 Barb. 388, 405; Leigh & Dalzell on Equitable Conversion, 5, 109.) The proof that the executors had conveyed the premises in question to Ensign and others for $400 did not impair the plaintiffs' title or the right to maintain their action for the benefit of such grantees. (*Hamilton* v. *Wright*, 37 N. Y. 502; *Towle* v. *Remson*, 70 id. 310, 313; *Ward* v. *Reynolds*, 62 How. 183; *Hasbrouck* v. *Bunce*, 62 N. Y. 482; Code of Civil Proc., § 1501; *Brinley* v. *Whiting*, 5 Pick. 348; *Stephens* v. *Deming*, 60 Ind. 486.) The statute allows an action in all such cases in the name of the grantor in

a deed, when the same would be void under the statute as against such grantee because of adverse possession. (Code, § 1501; *Towle* v. *Smith*, 2 Rob. 493.) If Ensign was nonsuited in a previous action erroneously commenced in his own name, such nonsuit cannot affect this action, or preclude a recovery in an action in the name of his grantors, the plaintiffs in this action. It was at least a mere nonsuit. ( *Williams* v. *Tibbits*, 5 Johns. 489; *Jackson* v. *Vredenbergh*, 1 id. 159; *Jackson* v. *Leggett*, 7 Wend. 377; *Jackson* v. *Demont*, 9 Johns. 55; *Livingston* v. *Proseus*, 2 Hill, 528; *Hamilton* v. *Wright*, 37 N. Y. 506; 4 Kent, 448; *Williams* v. *Jackson*, 5 Johns. 489, 501; *Vanhosen* v. *Benham*, 15 Wend. 164; *Towler* v. *Kelly*, 9 Bosw. 494.)

*D. H. Bolles* for respondents. The action cannot be sustained unless the deed executed by the plaintiffs to William H. Ensign and others is valid and effectual. (Code of Civil Proc., § 541; *Hamilton* v. *Wright*, 37 N. Y. 507.) The deed from the plaintiffs to William H. Ensign and his associates was executed in contravention of the statutes of champerty and therefore void. (R. S., § 5, tit. 3, chap. 1, part 4 [2d ed.], p. 718; 2 Kent's Com. 466 [marg.]; *Dewitt* v. *Brisbane*, 16 N. Y. 508, 573.) The plaintiffs had no power, authority or right to execute the deed in question, and it was therefore void. (R. S. [1st Edm. ed. 678], §§ 56, 76, 94, art. 2, tit. 2, chap. 1, part 2.)

FINCH, J. This is an action of ejectment. The plaintiffs sue as executors of the will of Benjamin Chamberlain, deceased. They allege title in themselves and right of possession; a conveyance by them to one Ensign and others; an adverse holding of the premises at the delivery of such deed; and claim to recover for the benefit of their grantees. The defendants deny the material allegations and put in issue the title asserted. Upon the trial the plaintiffs showed title in the testator by a patent from the State; proved his death, his will, its due probate, their letters testamentary and their conveyance to Ensign and others, during an adverse holding by the defendants; and

rested. There was no motion for a nonsuit. The defendants gave evidence, for the most part under objection, consisting of the judgment finally construing the will of Chamberlain, and the decrees of the surrogate, settling the accounts of the executors. It was also proved that at the time of the execution of the deed, an action was pending, brought by said grantees against the defendants, to recover possession of the same premises. At the close of the evidence the defendants requested the court to direct a verdict in their favor. No ground of the request was assigned, but it was granted and the plaintiffs excepted. The judgment thereupon entered was affirmed by the General Term, but for reasons in which we do not concur.

If we assume, as was asserted, that both grantors and grantees were guilty of a misdemeanor, the former for conveying and the latter for accepting a deed of land held adversely, and the title to which was at the time involved in litigation, still the conclusion of the General Term does not follow. The criminal law affects the deed given in violation of its command, but not the grantor's previous title. The former may be void, but if it is the grantor's title has neither been extinguished nor transferred, and remains valid and effectual. Upon it the grantors may rely as against trespassers and occupants without title. Upon it they do rely in this action. They are the sole plaintiffs here and we can recognize no others. Their action is not founded upon the illegal deed, but upon a disaffirmance of it. It is the legal title of the grantors which has in it no vice born of the violation of the criminal law which the defendants are called upon to answer. The grantees are not before us. That they may and will reap a benefit from the recovery of the grantors does not deprive the latter of their title or serve to weaken or defeat it. That is an after question between grantors and grantees, with the solution of which the defendants have no concern. If the deed is utterly void, an absolute nullity, because it was a crime to give and receive it, then certainly the plaintiffs may recover, as owners of the legal title, which has never passed from them. If, on the contrary, it is only void as to the defendants, and good between the other

parties, then the Code permits the action, in the name of the plaintiffs, for the benefit of the grantees. In either event the grantors' title can be asserted and established. Similar actions have always been sustained. Under the old practice, before the Revised Statutes, the plaintiff could count upon different demises from different lessors and recover upon the title of the grantor when that of the grantee was rendered void by an adverse holding. (*Jackson* v. *Vredenbergh*, 1 Johns. 159; *Jackson* v. *Demont*, 9 id. 55; *Jackson* v. *Leggett*, 7 Wend. 377.) The same mode of pleading was sustained after the use of fictitious names was abolished, and counts were permitted in the names both of grantor and grantee. (*Ely* v. *Ballantine*, 7 Wend. 470; *Livingston* v. *Proseus*, 2 Hill, 528.) In the case last cited the correct doctrine was thus stated : " As against the person holding adversely the deed is utterly void ; a mere nullity. There was an attempt to convey, but the parties failed to accomplish the object. The title still remains in the original proprietor, and he may, indeed must, sue to recover the land. It is true that the recovery will inure to the benefit of the grantee in the deed, but that is a matter between him and the grantor and with which the person holding adversely has nothing to do. It is enough for him that the deed does him no injury." When the Code enacted that actions should be brought in the name of the real party in interest, the new difficulty was removed by the special provisions allowing the action, although for the benefit of the grantee to be brought in the name of the grantor. (Code, § 111; Code of Civil Procedure, § 1501.) If there is any jar between the civil and criminal law upon this subject, it can only occur in some action founded upon the illegal deed, and not in one which concedes its illegality and rests upon a valid title. It cannot be that a mere trespasser can defeat the grantee of the true owner, because his deed is void, and then defeat the grantor because the same deed is good.

But the judgment is defended upon the further ground that under the will of Chamberlain and its construction by the courts, the executors took no title, but the fee descended to the

heirs at law, subject only to the execution of the power of sale; and that such power is spent and dead because all its purposes are accomplished. The point appears to be serious, and strikes us as worthy of careful consideration. But it does not appear to have been suggested on the trial; it has not been considered by the General Term, and the complete provisions of the will are not before us. There may be something in them which would modify the inference to be drawn from the brief extracts furnished in the printed case. We, therefore, express no opinion upon it, but leave it to be considered on a new trial and in the light of the full and complete facts which will doubtless be supplied.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment accordingly.