HENRY PEARCE et al., Respondents, v. MARY E. MOORE, Appellant.

Plaintiffs, for several years prior to 1869, had occupied certain real estate as lessees under P; in that year they acquired P.'s title. P. claimed under two deeds from the comptroller of the state, dated February 14, 1862, and December 12, 1868, given upon sales of the land for taxes, and which purported to convey an absolute estate in fee simple. Plaintiffs continued in possession of this land until the commencement of this action in 1883, which was brought to compel the determination of a claim made by defendant to said real estate adverse to plaintiff's title. The answer denied plaintiffs' title and possession and alleged title in defendant. Defendant claimed under a deed to him, dated October 27, 1881, executed by one S., whose grantor C. held title to the property from November 14, 1854. *Held*, that, as at the time of the execution of the deed to defendant the land was in the possession of a person claiming under a title adverse to defendant's, his deed was void (1 R. S. 732, § 147), and, as against him, plaintiff was entitled to possession without regard

to the question as to the validity of the comptroller's deeds; that if there were such defects in the proceedings to sell the land for taxes as to render those deeds void, the title to the land was still in C., defendant's remote grantor, and upon that title must be founded all proceedings to recover possession from the plaintiffs.

*Chamberlain* v. *Taylor* (92 N. Y. 348) distinguished.

(Submitted April 15, 1889; decided May 3, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, made April 20, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court, and which affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*Adelbert Moot* for appellant. Plaintiffs had no title, while defendant had title, and, therefore, the direction of the verdict in plaintiffs' favor was error. (*Becker* v. *Holdridge*, 47 How. Pr. 429, 430; *Hand* v. *Ballou*, 12 N. Y. 541, 551; *Chamberlain* v. *Taylor*, 26 Hun, 601.) As defendant could successfully maintain ejectment against plaintiffs, by bringing such an action in the name of defendant's grantors (under section 1501 of the Code of Civil Procedure), defendant does not unjustly claim title in this action, and the court erred in directing a verdict against defendant, and a new trial should be granted. (*Chamberlain* v. *Taylor*, 92 N. Y. 348; Code Civ. Pro. §§ 1642, 1644; *Ford* v. *Belmont*, 35 N. Y. Supr. Ct. 135; *Sharp* v. *Spier*, 4 Hill, 76; *Jackson* v. *Estey*, 7 Wend. 148; *Marshall* v. *Powell*, 6 Wheat. 119; *Brennen* v. *Eastman*, 50 Barb. 639; *Hoyt* v. *Dillon*, 19 id. 649; *Thompson* v. *Burnhams*, 61 N. Y. 65; *Hilton* v. *Bender*, 69 id. 75; Cooley on Taxation, 324; Burroughs on Taxation, 332, § 119; *Whitney* v. *Thomas*, 23 N. Y. 281; *N. Y. & H. R. R. Co.* v. *Lyon*, 16 Barb. 651.) Plaintiffs' title is so void that an action to cancel it as a cloud on title could not be maintained if the defects set forth appeared by record. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Wells* v. *Buffalo*, 80 id. 253.)

*J. A. Ronayne* for respondents. The language and meaning of the Code are not to determine plaintiffs' title, but the defendant's claim ; and the defendant, who would change the possession, must make out a title, upon the strength of which she must recover, if at all. (Code Civ. Pro. § 1638 ; *Barnard* v. *Simms*, 42 Barb. 304 ; *Hager* v. *Hager*, 38 id. 96 ; Tyler on Eject. 72, 725.) As to title defendant is the actor ; she must show that her title is one of the three named in the Code, and that it is better than that of the plaintiffs. (*Barnard* v. *Simms*, 42 Barb. 304.) The conveyances to plaintiffs' grantors, executed by the comptroller, were presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of the land and all notices required by law to be given previous to the expiration of the two years allowed to redeem, were regular, etc. (2 R. S. [7th ed.] 1028, § 65 ; *Finlay* v. *Cook*, 54 Barb. 30 ; *Colman* v. *Shattuck*, 62 N. Y. 351 ; *Hand* v. *Ballou*, 12 id. 541.) If either of the tax titles of the plaintiffs' grantor, Augustus Paul, were defective on account of informality in any of the proceedings prior or subsequent to the tax sales, such defect was cured by twenty years' adverse possession under claim of title in fee by Augustus Paul and his grantees, the plaintiffs. (*Finlay* v. *Cook*, 54 Barb. 11 ; *Sands* v. *Hughes*, 53 N. Y. 287.)

Brown, J. This action was brought to compel the determination of a claim made by the defendant to real estate in the city of Buffalo which was adverse to the title of the plaintiff.

The complaint contains appropriate allegations to bring the case within the provisions of the Code of Civil Procedure on this subject. It alleged seizen in the plaintiff and actual possession of the property in question for upwards of three years next previous to the commencement of the action. (Code, §§ 1638, 1639.) The answer denied the plaintiffs' title and possession, and alleged title in the defendant. There is no dispute upon the facts developed on the trial.

It appeared that the plaintiffs had been in possession of the

land since January, 1869. In that month they took from Augustus Paul a quit-claim deed for the property. Paul claimed title under two deeds from the comptroller of the state, dated, respectively, February 14, 1862, and December 12, 1868, given upon sales of the land for taxes, and which purported to convey an absolute estate in fee simple to the land. (1 R. S. [5th ed.] pt. 1, chap. 13, § 99.) Under these deeds plaintiffs had continued in possession until the commencement of the action. The defendant traced a perfect paper title to the land back to the people of the state. The deed to herself, however, bore date October 27, 1881, and, presumably, was delivered on that day, and was executed by one Hiram Sherwood. Sherwood's grantor was Nathaniel Case, who appears to have held the title to the property from November 14, 1854. At the close of the evidence the court directed a verdict for the plaintiffs, and judgment having been entered and affirmed by the General Term, the defendant has appealed to this court.

The deed to the defendant was void. The statute provides that " every grant of land shall be absolutely void if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." (1 R. S. [2d ed.] 732, § 147.)

There was no dispute as to plaintiffs' possession of the land. They had occupied it as lessees under Paul for several years prior to 1869, and in that year they acquired Paul's title, and under that title they claimed to be the owners, and there was no claim made on the trial, as there could be none, that such title was not adverse to the title of Case and Sherwood, who were defendant's grantors. It was wholly immaterial, therefore, whether the comptroller's deeds to Paul were valid or void. As against the defendant the plaintiffs were entitled to the possession of the land, and as against plaintiffs' defendant's deed was void and the proof failed to establish a title in her.

There is nothing in the case of *Chamberlain* v. *Taylor* (92 N. Y. 348), cited by defendant, to support her contention that she established a title to the property. That was an action of

ejectment brought by the plaintiffs for the benefit of their grantee. Such an action is maintained, not on the grantee's title, for he has none, but proceeds on the theory that the deed to the grantee is void, and the grantor's title is neither extinguished or transferred, but remains valid and effectual. As was pointed out in that case, the action is not founded upon the illegal deeds, but in disaffirmance of it.

In *Livingston* v. *Proseus* (2 Hill, 528), the rule applicable to deeds of this character is stated as follows: " As against the person holding adversely the deed is utterly void, a mere nullity. There was an attempt to convey, but the parties failed to accomplish the object. The title still remains in the original proprietor, and he must sue to recover the land." The defendant's deed was absolutely void, and if, as it is claimed, there were such defects in the proceedings to sell the land for taxes as to render void the comptroller's deed to Paul, the title to the land was still in the defendant's remote grantor, and upon that title must be founded all proceedings to recover possession of the land from the plaintiffs.

The judgment was right and should be affirmed, with costs. All concur.

Judgment affirmed.