MAX DANZIGER, Respondent, *v.* JOHN BOYD *et al.*, Appellants.

*Court of Appeals, April* 15, 1890.

Affirming, 55 Super. 539.

1. *Deed. Adverse title.*—The provisions of the Revised Statutes, 1 R. S. 739, Section 147, do not invalidate, in whole or in part, a grant, when the grantor is possessed, and delivers possession, of the greater part of the land conveyed, but, by reason of a disputed boundary line, a small portion of it is not in his actual possession at the delivery of his grant.

2. *Same. Action. Party.*—In such case, an action to recover the part of the land in dispute may be maintained by the grantee in his own name; Section 1501 of the Code does not apply.

3. *Same. Damages.*—A plaintiff who recovers in ejectment is entitled to damages for the withholding of the land up to the date of its recovery, and is not limited to the recovery of damages to the time of bringing his action.

Appeal from a judgment of the general term of the superior court of the city of New York, affirming a judgment entered upon a verdict.

*Lewis Sanders*, for respondent.

*Henry P. Townshend*, for appellants.

FOLLETT, Ch. J.—Appeal from a judgment of the general term of the superior court of the city of Now York, affirming a judgment awarding possession of certain premises to the plaintiff, with $975 damages for the detention thereof, entered on a verdict.

A plat of land situated on the southerly side of Leonard street in the city of New York, designated on the following diagram by the letters A, B, C, D, E, and F, was formerly

owned in fee and occupied by Anthony Crown, and is now
known as Nos. 146, 148, 150 and 152 Leonard street. After
his death an action was brought for its partition, which
resulted in an adjudication that actual partition could not
be made, and a sale was ordered. Pursuant to the judgment
the land was duly sold under the direction of a referee, who,
on the 1st day of April, 1865, conveyed Nos. 146, 148 and
150 to James Boyd and No. 152 to Peter Pia by deeds which
were soon thereafter duly recorded. February 11, 1884, the
plaintiff acquired the fee of No. 152 through mesne convey-
ances, in all of which it is described as it is in the deed from

the referee to Peter Pia. The defendants have by devises succeeded to the title of James Boyd to Nos. 146, 148 and 150. The lots are described in the referee's deeds as follows:

DEFENDANTS' LOTS.
Nos. 146, 148 and 150.

"Beginning at a point on the southwesterly side of Leonard street, distant forty feet southeasterly from the southeasterly corner of Leonard and Centre streets, running thence southwesterly parallel with Centre street fifty-seven feet, six inches; thence southeasterly parallel with Leonard street thirty feet, three inches; thence southwesterly parallel with Centre street thirty-two feet, six inches; thence southeasterly and parallel with Leonard street about twenty feet to or opposite to the centre of said party wall or partition now on said premises; thence northeasterly through the centre of a party wall or partition wall and on a line or continuation thereof parallel with Centre street ninety feet, six inches or thereabouts, to the southwesterly side of Leonard street; thence northwesterly along the southwesterly side of Leonard street aforesaid fifty feet, three inches more or less to the point or place of beginning."

PLAINTIFF'S LOT.
No. 152.

"Beginning at a point at the southwesterly side of Leonard street, distant ninety feet three inches more or less from the southeasterly corner of Leonard and Centre streets; running thence southeasterly along Leonard street twenty-four feet, four inches; thence southwesterly parallel with Centre street ninety-one feet, eight inches; thence northwesterly parallel with Leonard street twenty-four feet or thereabouts to or opposite the centre of a party wall or partition; and thence northeasterly through the centre of said party wall or partition and on a line in continuation thereof ninety-one feet or thereabouts to the southwesterly side of Leonard street, the place of beginning."

The plaintiff asserts that the boundary line between No. 150 and No. 152 is straight and represented by the numerals 1, 2, 3 and 4. The defendants also assert that the boundary line is straight, but that it is represented by the 5 and 6 prolonged to Leonard street.

When these deeds were executed a six story brick tenement house stood on the fronts of lots Nos. 150 and 152 which was about 36 feet deep northerly and southerly. Through this building there was a solid brick wall from foundation to roof, which is indicated on the diagram by the line extending from 1 to 2. South of this wall was an alley five feet wide and one story high, all of the stories of No. 152 except the first, extending over it.

The rears of lots 150 and 152 were covered by a six story brick tenement house, which was about twenty-six feet deep northerly and southerly. About eighteen feet west of the east line of No. 152 and about twenty-six feet east of the west line of No. 150, an eight inch solid brick wall extended on line 5 to 6 through this building from foundation to roof. Between the front and rear buildings was an open space about twenty-five feet wide northerly and southerly and extending from the westerly line of 150 to the easterly line of No. 152. The open yard between the front and rear buildings and the rear building were reached from Leonard street through the alley above mentioned. This was the situation of the property when the referee gave the deeds. Before the execution of these deeds there was no " party wall " between these lots because both were owned by the same proprietors, but there were these two walls which divided and part partitioned each building into two parts, and the primary question is which wall is referred to in the deeds, the one standing on line 1 to 2, or the one standing on the line 5 to 6 ? The plaintiff asserts that the former is referred to and was converted into a party wall; while the defendants assert that the latter is referred to and became the party wall by force of the deeds. At the close of the

evidence the defendants moved for a nonsuit, which was denied, and then that a verdict be directed in their favor which was also denied, but they did not ask that the loca tion of the boundary line be determined by the jury as a question of fact. The court ruled as a question of law, that the plaintiff was entitled to recover the land in dispute, and submitted the value of its use and occupation to the jury, which was the only question submitted. In this holding we think the trial court was clearly right. The fourth line of the description, under which the defendants claim, is the southerly line of lot No. 150 and begins at the southwest corner of No. 150 "D" and extends "about 20 feet" to or opposite to a party wall or partition wall. This line pro- longed twenty feet from "D," brings its easterly end in range of line 1 to 2.

Assuming the fourth line to be twenty feet in length and then extending a line northerly from its easterly end parallel with Centre street to Leonard street, it strikes that street fifty feet and three inches easterly from the place of begin- ning, which is the length of the last line in the deed to Boyd. If the defendants' southerly line is extended until its easterly end ranges with the partition wall in the rear tenement it is about twenty-six feet long instead of about twenty, and a line extending through that wall to Leonard street, strikes it fifty-seven feet and three inches from the place of beginning.

The first line of the description of the plaintiff's title is the northerly line of the lot, and begins ninety feet and three inches easterly from the southeasterly corner of Leonard and Centre streets, at the end of the partition wall between the front tenement house and at the point where the fifth line in defendants' description strikes the street; thence it extends southeasterly along Leonard street twenty-four feet and four inches; thence southwesterly parallel with Centre street ninety-one feet and eight inches; thence northwesterly parallel with Leonard Street twenty-four feet or "there-

abouts " to or opposite of a partition wall. Assuming this line to be twenty-four feet long, its westerly end ranges with the party wall of the building on the front of the lots and a line drawn from its end through that wall, strikes the point of beginning. While, if the westerly end of plaintiff's third, or rear line ends at the partition wall of the rear building, it would be but seventeen feet in length, and a line drawn from its end through this partition wall would strike Leonard street about seven feet easterly from the place of beginning. The courses of the lines are not given and the boundary line must be determined by the distances and fixed points. There are two fixed points: (1), the southeasterly corner of Leonard and Centre streets, and (2) the partition wall. There is no dispute about the first fixed point, but the controversy arises over which of the two partition walls is referred to. The one dividing the front building is clearly indicated by the distances measured from the fixed point. The defendants and their predecessors have occupied up to the lines represented by the numerals 1, 2, 3, 6 and 5, embracing the land in dispute, and the plaintiff and his grantors have occupied all of the land lying easterly of those lines.

The defendants insist that they being in possession of, and claiming to own, the land in controversy when the plaintiff received his deed, he acquired no title, and invoke, in support of their contention, this section of the Revised Statutes :

" Section 147. Every grant of lands shall be absolutely void, if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." 1 R. S. 739.

This statute does not invalidate, in whole, or in part, a grant when the grantor is possessed, and delivers possession of the greater part of the land conveyed, but, by reason of a disputed boundary line, a small part of it is not in his actual possession at the delivery of his grant. Crary v. Goodman, 22 N. Y. 170; Hallas v. Bell, 53 Barb. 247;

Allen *v.* Welch, 18 Hun, 226 ; Sparhawk *v.* Bagg, 82 Mass. (16 Gray), 583 ; 1 Dev. Deeds, § 113.

The land in dispute never, before this action was begun, had been " the subject of controversy by suit in any court," and the plaintiff's grantor having the actual title, he did not sell, nor did the plaintiff buy a pretended title, and so the grant is not condemned by §§ 129 and 130 of the Penal Code, nor by the sections of the Revised Statutes from which those sections were derived.  2 R. S. 691, §§ 5, 6.

Formerly, at common law, the assignee of a cause of action could not maintain an action on it in his own name, but was compelled to sue in the name of his assignor, which rule has been preserved, Code Civ. Pro., § 1501, in the single instance of a grant condemned by the statute above quoted.

To extend this statute so as to embrace a grant of land, the greater part of which was in the possession of the grantor at the delivery of the grant, and establish, as a rule, that grantees must, under such circumstances, recover part of the land by an action in the name of his grantor, Chamberlain *v.* Taylor, 92 N. Y. 348, and the remainder by a suit in his own name, would perpetuate a common law rule which has no existence in the law of this state except as it is contained in our statute.  Sedgwick *v.* Stanton, 14 N. Y. 289.

The court correctly instructed the jury that plaintiff was entitled to recover the value of the use and occupation of the land in dispute by way of damages, for wrongfully withholding it from the date of the plaintiff's deed (February 11, 1884,) to the date of the trial (May 12, 1887), thirty-nine months.

A plaintiff who recovers in ejectment is entitled to damages for the withholding of the land up to the date of its recovery, and is not limited to the recovery of damages up to the date of bringing his action.  The jury returned a verdict for $975 in favor of the plaintiff, which was at the rate of twenty-five dollars per month, about half of the

value, as testified to by the plaintiff's witnesses. The defendants gave no evidence of the value of the use and occupation of the land.

The judgment should be affirmed, with costs.

All concur.