JOHNSON *v.* SNELL *et al.*

(*Supreme Court, General Term, Fourth Department.* November, 1890.)

ESTOPPEL BY DEED—ADVERSE POSSESSION. ·

Lands were conveyed subject to a mortgage to defendants' testator. The grantee died intestate, leaving surviving F., her husband, B., their son, and plaintiff, a son by a former marriage. The deed was lost before being recorded, and F. obtained from the grantor another deed in lieu of the former conveyance. F. executed a quitclaim deed to B., who took possession, and continued in possession until defendants' testator foreclosed the mortgage, and purchased the property at the foreclosure sale. Meanwhile plaintiff executed a quitclaim deed of the premises. *Held* that, at the time of the deed from plaintiff, the lands were held adversely to

him by B., and that, under 4 Rev. St. N. Y. c. 1, tit. 2, § 147, providing that every grant of land shall be absolutely void, if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor, the deed from plaintiff was void, by reason of such adverse possession, but was good as between the parties thereto, and was a bar to a subsequent action by plaintiff for an accounting, and to redeem.

Appeal from special term, Oswego county.

Action by John Johnson against Louisa C. Snell, and Gilbert E. Parsons, as executor of Hiram Snell, deceased. The plaintiff, in his complaint, claimed to be the owner of certain premises in Oswego county, upon which a mortgage had been given by a prior owner to the defendants' testator, which had been foreclosed without making the plaintiff a party, and the property bid in by the mortgagee, who had taken possession, and that defendants, after his death, had continued in possession, and received the rents and profits. An accounting was asked for, and that the amount due to the defendants, or to the plaintiff, might be determined, to the end that if there was anything due to the defendants, over and above the rents and profits, the plaintiff might pay the same, and that, if the rents and profits exceeded the amount of the mortgage, the plaintiff might recover the balance from the defendants, and that the deed to the defendants' testator, upon the foreclosure, might be canceled as a cloud upon the plaintiff's title. The defendants put in a general denial, and also alleged that the plaintiff had no title or interest in the premises. They also alleged that the heirs of Hiram Snell, deceased, owned the premises, and had expended a large sum for repairs and improvements thereon. The complaint was dismissed, and plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*S. N. Dada,* for appellant.     *S. C. Huntington & Son,* for respondents.

MERWIN, J. As the evidence given on the trial is not contained in the case, we must assume that the facts proved were sufficient; not only to sustain the findings of fact, but also any additional findings, necessary to sustain the conclusion of law, not in conflict with the affirmative facts found. *Murray* v. *Marshall,* 94 N. Y. 617. From the findings of the special term, the following facts appear: On the 26th May, 1871, Clarissa A. Welch, then being the owner of the premises described in the complaint, gave a mortgage thereon to Hiram Snell for $246.71, which was duly recorded on May 27, 1871. On the 2d September, 1879, Clarissa A. Welch deeded to Lenora Frost, who took and retained possession till her death on September 26, 1879. She died intestate, and left, her surviving, her husband, Benjamin Frost, Sr., and her only children and heirs at law, the plaintiff, a son by a former marriage, and Benjamin Frost, Jr., her son by her marriage with Benjamin Frost, Sr. The deed to her, above referred to, was never recorded, and was lost. On December 16, 1879, Benjamin Frost, Sr.. obtained from Clarissa A. Welch a second deed of the same land, and this deed was recorded December 22, 1879. This deed was taken by Benjamin Frost, Sr., with full knowledge of the former deed to his wife, and in lieu thereof, it having in it the following clause: "This deed is made and executed in lieu of one executed by Clarissa A. Welch to Lenora Frost, now deceased, which is supposed to be lost; said deed was executed on or about September 1, 1879." On the 16th May, 1881, Benjamin Frost, Sr., executed and delivered to Benjamin Frost, Jr., a quitclaim deed of the premises, which was on the same day duly recorded. Benjamin Frost, Jr., at once took possession of the land, and continued in possession until the foreclosure sale hereinafter mentioned; and such possession was with a claim on his part to own the land under his deed. Benjamin Frost, Sr., died November 23, 1881. On December 2, 1881, the plaintiff executed and delivered to Willard Johnson, for the consideration therein expressed of $400, a quitclaim deed of his undivided one-half interest in said land, and this deed was recorded November 30, 1883. In the summer of 1882, Hiram Snell com-

menced an action in the supreme court to foreclose his mortgage, and such proceedings were taken that a judgment of foreclosure and sale was obtained on August 7, 1882, upon which a sale was made September 30, 1882, Hiram Snell becoming the purchaser for the amount of the mortgage, and costs, and receiving the deed. In October, 1882, Snell took possession of the land, and occupied the same till his death, December 17, 1884. He left a will which was afterwards duly proved, and under which the defendants have, ever since, possessed and occupied the premises. The plaintiff was not made a party defendant to the foreclosure action, and had no notice of it. Before the commencement of this action, the plaintiff called on the defendants, and asked for an accounting of the rents and profits, and offered to redeem, all of which was refused. As matter of law, the court decided that, at the time of the deed from the plaintiff to Willard Johnson, the lands therein described were in the possession of Benjamin Frost, Jr., and were held by him adversely to the plaintiff; that, as between the parties thereto and Benjamin Frost, Jr., the deed was void by reason of such adverse possession; but that it was good as to the parties to the deed, and was a bar to this action by the plaintiff for an accounting, and to redeem. By section 147, tit. 2, c. 1, pt. 2, p. 2453, 4 Rev. St., (8th Ed.,) it is provided that "every grant of lands shall be absolutely void, if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." Section 1501 of the Code of Civil Procedure provides, with reference to actions to recover real property, as follows: "Such an action may be maintained by a grantee, his heir, or devisee, in the name of the grantor, or his heir, when the conveyance, under which he claims, is void because the property conveyed was held adversely to the grantor. The plaintiff must be allowed to prove the facts to bring the case within this section. In such an action, a judgment against the plaintiff shall not award costs to the defendant; but when the defendant is entitled to costs, as prescribed in section 3229 of this act, they may be taxed, and the person who maintained the action in the plaintiff's name may be compelled to pay the same, as prescribed in section 3247 of this act."

It is not claimed that this is an action for the benefit of plaintiff's grantee, or that it is brought under the provisions of section 1501 of the Code. There is no allegation in the complaint, or any finding, to that effect. Nor is any claim made to that effect by the appellant on this appeal. On the contrary the claim is that the court erred in holding that the deed from plaintiff to Willard Johnson was good as to the parties to the deed, and hence a bar to this action. The question then is whether the plaintiff, in his own right, can maintain this action, notwithstanding his deed to Willard Johnson. The only cases cited by plaintiff are *Pearce* v. *Moore*, 114 N. Y. 256, 21 N. E. Rep. 419, and *Chamberlain* v. *Taylor*, 92 N. Y. 348. The *Pearce Case* was an action brought to compel the determination of a claim made by the defendant to real estate adverse to the title of the plaintiffs. The plaintiffs were in possession, and had been for three years and upwards, and the defendant claimed under a deed given to her at a time when the plaintiffs were in the actual possession claiming under a title adverse to that of her grantor. It was held that, as against the plaintiffs, the defendant's deed was void. The *Chamberlain Case* was an action of ejectment brought by the grantees in the names of their grantors, under section 1501 of the Code. 26 Hun, 601. In the supreme court, it was held that the grantees could not maintain the action, as they had accepted the conveyance in violation of a provision of the Revised Statutes, (2 Rev. St. p. 691, § 5,) making it a misdemeanor to accept a conveyance of lands, which, to the knowledge of the grantee, are at the time held adversely, and the title to which is in litigation. The court of appeals reversed the judgment, thereby holding that the action was maintainable notwithstanding the provision of the Revised Statutes above referred to; it being

said that, if the deed was utterly void, the grantor might recover as owner of the legal title, and if void only as to the defendants the action was authorized by section 1501 of the Code, in the name of the grantor, for the benefit of the grantee. In neither of these cases was it held that the deed was not good as between the parties to it.

It is very well established by judicial authority that the deed in such a case is only inoperative as to the person holding adversely, and others afterwards coming in under him. *Hamilton* v. *Wright,* 37 N. Y. 502; *Livingston* v. *Proseus,* 2 Hill, 528; *Ward* v. *Reynolds,* 25 Hun, 386; *McMahan* v. *Bowe,* 114 Mass. 140; Ang. Lim. § 418; 4 Kent, Comm. 448. Add to this the provision of the Code, § 1501, which allows a grantee in such a case to maintain an action in the name of his grantor against the party adversely holding, and the result is that the grantee has the control of the whole subject. In regard to a similar provision in section 111 of the Code of Procedure, it is said by Judge RAPALLO, in *Hasbrouck* v. *Bunce,* 62 N. Y. 483: "A right of action in such a case is expressly conferred upon the grantee. True, he cannot sue in his own name. He must use the name of his grantor, his heirs, or legal representatives, and this is made an exception to the rule that every action must be prosecuted in the name of the real party in interest. But the right to bring the action is conferred upon the grantee. He is recognized by law as being the real party in interest, and is empowered to use the name of his grantor whether he consent or not. The delivery of a deed, under these circumstances, and in view of this statute, is an irrevocable authority to the grantee to use the name of the grantor to recover the land. The grantee, in such a case, stands upon a similar footing to that of an assignee of a chose in action before the Code. He could sue in the name of his assignor, and the court would protect him against any interference by his assignor." If these views are correct, it would seem to follow that the plaintiff has no right of action in his own right. The defendants in this case do not hold under the party who held adversely to plaintiff's deed. They hold under the mortgage, and take the title which the mortgagor had when she gave the mortgage, the foreclosure operating to cut off the rights of all subsequent parties who were made parties to the action. Code, § 1632; *Smith* v. *Gardner,* 42 Barb. 366; Thomas, Mortg. 365. The case was correctly disposed of at the special term, and the judgment should be affirmed. Judgment affirmed, with costs. All concur.