McAULIFF v. HUGHES et al.

(Supreme Court, Appellate Division, Third Department.   October 2, 1908.)

1. NAMES—IDENTITY.
    It will be assumed, in a suit involving title to land, that "Claude E." W., son of R. W., and one of the three owners of the land at the time of an action to partition it, was also known as "Clody" W., and that he was the one named and served in the partition action under that name; the proof before the referee in that action being that "Clody" W. was one of the children of R. W., and the report of such referee finding such to be the fact.

2. JUDGMENT—COLLATERAL ATTACK—PROOF OF SERVICE.
    It is not ground for attack on the judgment in a partition action that an affidavit of M., an attorney therein, showing service of the summons and complaint on C., was not verified; M. having later, on May 22d, made an affidavit in due form, on which he applied for judgment, stating that the summons and complaint were duly served on all the defendants, as appeared by the affidavits of M. and D. thereto attached, and that more than 20 days had elapsed since said service was made and completed, and the second affidavit practically showing that the service was made as stated in the former affidavit, and the judgment reciting proof of personal service on all the defendants by the affidavit of M. of May 22d and the affidavit of D.

3. SAME.
    It being shown that the summons and complaint in a partition action were duly served, the recital in the affidavit of service that the service on C., a defendant therein, was on a certain day, which was before the issue of the summons and complaint, is an irregularity, but not jurisdictional, and will be treated as a clerical mistake, and as though the date of service was left blank, and only showed the service was after such issue and more than 20 days before the affidavit for judgment; the judgment being attacked only by one to whom C., 10 years after the partition sale, gave

a quitclaim for $10, and the purchaser at the partition sale being then in possession.

4. CHAMPERTY AND MAINTENANCE—GRANT OF LANDS HELD ADVERSELY.

The deed of the purchaser at the sale in a partition action is a title adverse to every person interested in the property at the time, and her possession under the deed is adverse to them; so that deeds given to another during such possession, one by a person who was a party to such action, and another by a person not a party thereto, but who then had an interest in the land under a recorded deed, are within the champerty act (Real Property Law, Laws 1896, p. 603, c. 547, § 225), declaring void a grant of real estate if at its delivery the property is in the actual possession of a person claiming under a title adverse to that of the grantor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Champerty and Maintenance, §§ 52–110.]

Cochrane, J., dissenting.

Appeal from Trial Term, Clinton County.

Action by John McAuliff against Mary Hughes and others for partition. From an interlocutory judgment, determining that defendant Elizabeth Elliott had no substantial interest in the property, she appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Patrick J. Tierney, for appellant.
Adelbert W. Boynton, for respondent.

JOHN M. KELLOGG, J. The appellant claims to be the owner of the premises and that the conveyances upon which the plaintiff claims title were made at a time when she was in the actual possession of said premises, claiming under an adverse title. Both the respondent and the appellant claim to derive their interest in said premises from the heirs of Rose Welcome, a former owner, who died intestate. In 1892 Jane Lasher, Claude E. Welcome, and Frances Helen Welcome were the owners of the premises as heirs of said Rose Welcome. In April, 1896, Jane Lasher conveyed her interest to Martin H. O'Brien, who in 1907 conveyed such interest to the plaintiff. In April, 1892, Frances Helen Welcome, by the name of F. Helena Welcome, conveyed her interest in said premises to one. Holcombe, who brought an action in the Supreme Court against Clody Welcome, Jane Lasher, Alexander Welcome, and Benjamin Elliott for the partition of said premises; and Sidney E. Maders, as referee in such action, conveyed said premises in August, 1897, to one Tyndale. Elliott bid off the property at the sale, but Tyndale advanced the money and took title, and in December, 1902, conveyed the same to the appellant. The deeds are regular in form. The proceedings in the partition action were very irregular, and it was very carelessly conducted. The complaint and lis pendens were filed in the county clerk's office. The referee's deed was duly recorded. The other proceedings could not be found at the time of the first hearing in this case, but subsequently were found, and the judgment roll and other papers put in evidence. It does not, however, definitely appear whether they were found in the clerk's office, or where.

It is conceded that Claude E. Welcome was a son of Rose Welcome, and at one time was the owner of a third interest in the premises. He is named in the partition action as "Clody" Welcome, and the proof of service shows service upon "Clody" Welcome. The proof before the referee in that action showed that "Clody" Welcome was one of the children of Rose Welcome, deceased, and the report of the referee finds such to be the fact. From the similarity of the names, "Clody" Welcome and Claude E. Welcome, and from the proceedings in the partition case, we must assume that Claude · E. Welcome was also known as "Clody" Welcome, and that he was named and served in the partition action under the latter name.

Criticism is made that the alleged affidavit of B. B. Mason, showing service of the summons and complaint on "Clody" Welcome, is not sworn to; but this criticism is purely technical, for on the 22d day of May, 1897, the said B. B. Mason, who was the attorney in the action, made an affidavit in due form, upon which he applied for judgment, and in which he swears that the summons and complaint were duly served upon all the defendants, as appears by the affidavits of B. B. Mason and Earl Daniels hereto attached, and that more than 20 days have elapsed since the said service was made and completed. This second affidavit practically shows that service was made as stated in the former affidavit. The judgment recites proof of personal service upon all the defendants by the affidavits of B. B. Mason, dated May 22, 1897, and Earl A. Daniels, dated March 8, 1897. It thus appears that the service was made upon "Clody" Welcome at least 20 days before May 22, 1897, and, of course, the service must have been made after the summons and complaint was issued. The court, therefore, had complete jurisdiction of the person of "Clody" Welcome.

The unsworn affidavit states that service was made February 2, 1897. That is evidently a clerical error, and does not vitiate the fact that service was made after the issue of the summons and complaint, and more than 20 days before judgment was applied for. It was an irregularity, but not jurisdictional. It should therefore be treated as if the date of service was left blank, and only showed that service was made after March 6th, the day the complaint was verified, and on or before May 1, 1897. Ten years after judgment and the sale in partition thereon the title acquired by a purchaser in good faith, which has remained unquestioned all that time, cannot be declared void for an error in the affidavit of service of a summons and complaint which are shown to have been duly served, and which service is not denied. The person making the service is dead, and the defendant "Clody" Welcome never has denied or questioned the regularity of the service, and he probably participated in the division of the proceeds of sale. He was served in the little village where the property is situate and where the sale was held. That Claude E. Welcome's interest was sold upon the sale is questioned now for the first time, not by him or by evidence, but by an objection only from the plaintiff, who was present at the sale and a bidder for the property, and who 10 years afterwards takes a quitclaim from him for $10; the premises then being in the possession of the purchaser at the partition sale.

In the partition action the fact was overlooked that Jane Lasher had previously conveyed her interest in said premises to O'Brien by deed duly recorded, so that the proceedings in partition gave no title to the one-third interest owned by O'Brien.

While the proceedings were irregular, for the purposes of this action they are sufficient, as against the plaintiff to give the appellant title to the interest formerly owned by Claude E. Welcome and Frances Helen Welcome, now known in this action as Mary F. Hughes, and the appellant has been in possession of the premises ever since her deed, which was duly recorded, holding under such deed. The plaintiff received a deed from O'Brien of his interest in said premises May 12, 1907, for an expressed consideration of $1, and a deed from Claude E. Welcome of his interest in said premises May 31, 1907, for the expressed consideration of $10. In his complaint in this action he alleges:

"That the defendant Elizabeth Elliott claims to be the owner of some interest in the premises, which claim the plaintiff denies, and alleges that she has no legal title to any interest in said premises, and that she is a squatter thereon."

He therefore knew that she was holding the premises under an adverse claim of title. It is not pretended that she has claimed any title, since the time of the conveyance to the plaintiff which she did not claim before. The proof in the partition action showed that the property in question is a small village lot in the little hamlet of Clintonville, Clinton county, with a shop covering the whole frontage, or nearly so, on the street, and that the lot would be of no value whatever, except as a location for said shop. Elizabeth Elliott swears in this action:

"I occupy these premises now. The buildings on the premises are a blacksmith shop and wheelwright shop. I occupy both. I have occupied and used the building as a blacksmith shop for over 17 years. There is a garden on the premises. I work and keep the garden. In May, 1907, we plowed the garden, and planted it, and used the shop."

This action was brought in June, 1907.

All parties interested in the title to real estate sought to be partitioned are necessary parties to the action, and a partition sale, therefore, purports to convey the entire fee in the property. The appellant did not purchase any interest from Frances Helen Welcome, or from any other of the heirs of Rose Welcome; but she purchased from an officer of the court the title in partition, and is therefore presumed to have purchased and claimed the entire property. Her deed, therefore, was a title adverse to every party interested in the property at the time, and her possession under the deed is a possession adverse to them. Baker v. Oakwood, 123 N. Y. 16, 25 N. E. 312, 10 L. R. A. 387; Sweetland v. Buell, 89 Hun, 543, 35 N. Y. Supp. 346.

The deeds to plaintiff are fairly within the letter and spirit of the champerty act. The appellant had been many years in actual possession under a deed which purported to convey the whole title. The plaintiff was present at the sale and knew the facts, and afterwards purchased from one party a one-third interest for $1 and of another party a one-third interest for $10. He has bought for a nominal con-

sideration a claim to real estate from a party out of possession, and promptly has brought action thereon. Within Pearce v. Moore, 114 N. Y. 256, 21 N. E. 419, Christie v. Gage, 71 N. Y. 189, Dever v. Hagerty, 169 N. Y. 481, 62 N. E. 586, and section 225, c. 547, p. 603, Laws of 1896, the conveyance to the plaintiff was void.

The trial court was not justified in disregarding the proceedings in the former partition action and the referee's deed given therein, and was not justified in assuming that the deed given to Holcombe by F. Helena Welcome did not convey the interest which it is conceded Frances Helen Welcome inherited from her mother. The appellant is therefore the owner, so far as the plaintiff is concerned, of a two-thirds interest in the real estate sought to be partitioned. The deed to the plaintiff of the other third from O'Brien is invalid for the reasons before stated.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

COCHRANE, J. (dissenting). We are dealing with the undivided shares of three tenants in common, who are children and the only surviving heirs of Rose Welcome, deceased, the common ancestor. Giving to the former partition action all the effect which is claimed for it, it was insufficient to extinguish the title of Jane Lasher, one of said three tenants in common, for the reason that she had conveyed her interest in the property by a deed recorded before the institution of such partition action, and the grantee was not made a party thereto. Plaintiff has confessedly acquired the record title of said Jane Lasher.

But it is said that such record title is void for champerty. Plaintiff and appellant are confessedly tenants in common. Each goes back to a common grantor, and each title, unless champertous, confessedly is valid and coexists with the other. In Finn v. Lally, 1 App. Div. 416, 37 N. Y. Supp. 437, it was said, in speaking of the effect of the champerty act on such a situation:

"These titles are, therefore, not hostile the one to the other, within the meaning of this act. Each goes back to a common grantor, and seeks to establish its validity by showing a descent from him in right line. For this reason it cannot be said that the plaintiff's deed is void."

But, to go still further, I find no evidence in this case that appellant ever claimed title adversely to plaintiff's grantors. The champerty act (section 225 of the Real Property Law [Laws 1896, p. 603, c. 547]) is:

"A grant of real property is absolutely void if at the time of the delivery thereof such property is in the actual possession of a person claiming under a title adverse to that of the grantor."

Under this statute two independent facts are necessary to vitiate a deed: First, actual possession of the property; and, second, a claim of title adverse to the grantor. Assuming that appellant was in possession of the property, it by no means follows that she claimed such possession under an adverse title. The referee's deed in the partition action did not on its face purport to convey the entire title of the property, but only the interests of certain specified parties, not includ-

ing the grantee of Jane Lasher, who at that time owned her interest. Such form of the deed was in conformity with statutory requirement. Code Civ. Proc. § 1244. The purchaser under the partition sale, one Tyndale, remained the owner from 1897 until 1902, when he conveyed his interest to the appellant. The title of plaintiff's grantor was a matter of record, and both Tyndale and appellant must be assumed to have known that they had only the interest of a tenant in common, and there is no pretense that either ever claimed otherwise. There is no evidence that either ever disputed the title of plaintiff's grantor, their co-tenant. As tenants in common it should be presumed that each recognized the rights of the other, and claimed only such rights as belonged to each under their respective deeds. The possession of one of several tenants in common should be deemed the possession of all in accordance with their common interests, rather than a possession of one to the exclusion of the others, in the absence of evidence to the contrary.

The property consists of a blacksmith shop, wheelwright shop, and garden. The appellant, as a witness, was able to say no more than that her husband had occupied the blacksmith shop for 17 years. At the beginning of such occupancy the common ancestor, Rose Welcome, had just died, and none of her heirs had yet given any deed. Surely appellant was not then claiming adversely to those heirs. There was no apparent change in the character of her possession after the conveyance by the referee to Tyndale, or by the latter to her. At the time of giving her testimony on the trial she claimed to occupy both shops, and that she worked the garden in May, 1907. But there is no evidence of any occupancy, except of the blacksmith shop, prior to the conveyance to plaintiff of Jane Lasher's interest. The appellant did not live there. She does not testify to any hostile word or act as against her co-tenant, and as far as the evidence discloses such co-tenant may have used or been in the enjoyment of a part of the property during all the time down to plaintiff's conveyance.

"Although one tenant in common grants to a third party the joint premises by a deed conveying his whole interest, and thereby enabling the grantee to lay the foundation for an adverse possession, yet the mere fact that the grantee takes possession under the deed is not of itself sufficient to begin an adverse possession such as will oust his co-tenant. Before that can be begun there must be notice in fact to the co-tenant that the adverse claim is made, or there must be such open and public acts by the adverse claimant as will make his possession so visible, hostile, exclusive, and notorious that notice on the part of the co-tenant of the claim adverse to his right may fairly be presumed. Culver v. Rhodes, 87 N. Y. 348." Hamershlag v. Duryea, 38 App. Div. 130, 56 N. Y. Supp. 615.

It has been held that the facts required by the champerty act to avoid a grant must be shown by plain and unequivocal proof, and that every presumption is in favor of a possession in subordination to the title of a real owner. Wickham v. Conklin, 8 Johns. 220; Jackson v. Sharp, 9 Johns. 163, 6 Am. Dec. 267; Jackson v. Waters, 12 Johns. 365; Howard v. Howard, 17 Barb. 663. This defense is tolerated, and not encouraged, for the reason that it has little application to modern conditions. Thallhimer v. Brinckerhoff, 3 Cow. 644, 15 Am. Dec. 308; Sedgwick v. Stanton, 14 N. Y. 289; Crary v. Goodman,

22 N. Y. 177; Bissing v. Smith, 85 Hun, 570, 33 N. Y. Supp. 123; Finn v. Lally, 1 App. Div. 415, 37 N. Y. Supp. 437; Saranac Land & Timber Company v. Roberts, 125 App. Div. 333, 109 N. Y. Supp. 547.

I therefore think that the defense of champerty has not been sustained.