Per Curiam.

This case has been supposed to be governed by that of Jackson v. Sharp, (9 Johns. Rep. 163.) which related to , part of the same lot, but there is a material difference between the. two cases, as to the evidence of adverse possession, when Bonnell conveyed to Goodyear ; and it appears in this case to be made out so clearly as to be sufficient to destroy the operation of that deed..
The point is, whether the defendant did not hold adversely to any existing right in Bonnell, on the 11th September, 1807, when Bonnell conveyed to Goodyear. • Parish appears to have been the earliest occupant of the premises, and he entered without title or claim; but on the 1st April, 1805, he accepted of an article of agreementfrom Grover, as attorney to Thom, to convey 25 acres of the lot by a warranty deed, and Grover had a letter of attorney from Thorn, dated in 1805, which recited that Thorn was seised in fee of the lot No. 72. and it authorized Grover to convey the same in fee ; and this power was recorded in the clerk’s office of the county on the 17th of October, 1806. Thorn conveyed part of the lot, including the premises, to Edward Wheeler, by deed dated the 29th of March, 1805, and Edward Wheeler, by deed of the same date, conveyed the premises to the defendant. At the time, then, of the conveyance from Bonnell to Goodyear, the claim of Thorn to the premises by title in,fee, appeared by his letter of attorney then on record, and the defendant was in possession under a deed from Thom.
If this adverse posséssion was sufficient to destroy the effect of the deed to Goodyear, the plaintiff cannot recover under the demise of Bonnell himself; for his deed to the defendant and others, subsequent to that to Goodyear, is enough to estop him, and the ■ case, in this respect, comes precisely within the decision of Jackson v. Demont, (9 Johns. Rep. 55.) The defendant is, accordingly, entitled to judgment.
J udgment for the defendant.