### JACKSON, *ex dem.* BONNEL AND GOODYEAR, *against* FOSTER.

The plaintiff in ejectment cannot recover under a demise from a lessor who has released his interest to the defendant, he being estopped by such release to claim any title.

Parol evidence is inadmissible to show that a lease, executed in the name of, and reserving a rent to, one person, was intended for the benefit of another.

Where A. executes a power of attorney, in which he recites his seisin in a lot of land, and authorizes his attorney to sell, which power is recorded, and the attorney agrees with B. to convey to him in fee, this is such an adverse possession as will defeat the operation of a deed from any other person claiming title to the same land, although no deed had been executed to B.; for B., having paid the consideration money, is entitled to a deed, and holds adversely to every one.

THIS was an action of ejectment, for part of lot No. 72, in *Aurelius*, and was tried at the *Cayuga* circuit, in *May* 1815, before Mr. Justice *Van Ness*.

A patent, bearing date the 8th of *July*, 1790, issued to *John Bonnel*, who had been a private in the *New-York* line, during the revolutionary war, was given in evidence on the part of the plaintiff. Also, a power of attorney from *Bonnel* to *Goodyear*, dated the 11th of *September*, 1807, authorizing him to sell the premises, and execute deeds in fee, to take possession of the premises, and to bring suits for the recovery of the pos-

session, and covenanting not to revoke the power, or discharge suits that he might bring: this power was duly acknowledged, and recorded in the office of the clerk of *Cayuga*, the 19th of *November*, 1807. Also, the exemplification of a deed from *Bonnel* to *Goodyear*, for the lot in question, dated the 11th of *September*, 1807, and recorded the 5th of *April*, 1811. Also, an exemplification of the record of a judgment, in the case of *Jackson, ex dem. Bonnel*, (the present lessor,) against *Foster*, the present defendant, rendered, on a verdict, in *August* term, 1808, and docketed on the 4th of *August*, in the same year; the demise, in the declaration in that cause, was laid on the 1st of *January*, 1807.

*Joel Goodyear* testified, that he had a power of attorney from *Amasa Goodyear*, one of the lessors, which was lost, and stated, (the evidence being objected to, but the objection overruled,) that he was authorized, by the power, to appoint attorneys under him, to prosecute suits, to lease or sell the lot, &c. The deed from *Bonnel* to *Goodyear*, was obtained by the witness, and the power from *Goodyear* to *Bonnel*, was taken to guard against any adverse possession that might prevent the operation of the deed. The witness employed *Troup* and *Richardson*, attorneys, to bring a suit for the lot, and gave them a power of attorney for that purpose, as well as to lease the premises. A lease was executed by *Troup*, as attorney for *Bonnel*, to *Foster*, the defendant, dated the 13th of *September*, 1808.

*Troup* testified, that the lease, although given in the name of *Bonnel*, was intended for the benefit of *Goodyear*, and was taken on executing the writ of possession against *Foster*, the defendant.

The defendant admitted himself to be in possession.

The defendant then gave in evidence a deed of release, from *Bonnel* to himself, and several others, in consideration of 500 dollars, for lot No. 72, in *Aurelius*, dated the 29th of *September*, 1808. Also, a power of attorney from *Stephen Thorn* to *Joseph Grover*, dated the 27th of *April*, 1805, and recorded in the clerk's office of *Cayuga* county, the 17th of *October*, 1806, reciting that *Thorn* was seised in, and authorizing *Grover* to sell the said lot No. 72. Also, an agreement between *Grover*, as attorney of *Thorn*, and *Samuel Foster*, dated the 1st of *April*, 1806, by which *Grover* agreed to convey to *Abraham* and *Samuel Foster*, 100 acres of lot No. 72, on the payment of 500

NEW-YORK,
Oct. 1815.

JACKSON
v.
FOSTER.

dollars. Also, a release endorsed on the said article, dated the 20th of *April*, 1805, from *Abraham Foster*, the defendant, and *Samuel Foster*, of eighty acres, part of the one hundred acres mentioned therein; and another agreement, dated the 1st of *April*, 1805, between *Grover*, as *Thorn's* attorney, and *Abraham* and *Samuel Foster*, by which *Grover* agreed to convey to them fifty acres, and twenty acres, of the said lot; the twenty acres, last mentioned, are the premises in question, the whole consideration for which had been paid. The defendant also gave in evidence, a partition deed, between the defendant and others, the grantees in the deed from *Bonnel* to *Foster*.

A verdict was taken for the plaintiff, subject to the opinion of the court, on a case to be made.

*Sill*, for the plaintiff.

*Kellogg*, contra.

*Per Curiam.* The plaintiff cannot recover under the demise from *Bonnel*; for the defendant having his release, he is estopped from claiming any title. (10 *Johns. Rep.* 166. 9 *Johns. Rep.* 55.) Can *Goodyear* recover, 1st, in consequence of the lease from *Bonnel* to the defendant, on the 13th of *September*, 1808; and, 2d, on the ground of a deed from *Bonnel*, the patentee, prior to the defendant's deed? The defendant's lease from *Bonnel* does not furnish to *Goodyear* a right to recover. Parol evidence cannot be admitted to show that a lease, reserving a rent to *Bonnel*, and which purports to be for his sole use, was meant, and intended to be, for the benefit of another person. This is explaining away a deed, and contradicting it, in the most essential manner, contrary to every principle of law. If this be so, then the powers of attorney, whether well proved or not, become immaterial. This leads to the second ground: The evidence of adverse possession, when *Bonnel* conveyed to *Goodyear*, is as strong in this case as in the case of *Jackson* v. *Wheeler*, (10 *Johns. Rep.* 164.,) where we held, that this very deed was inoperative. The only difference is this: in that case, *Thorn* had conveyed to *Edward Wheeler* by deed; here, his power to *Grover*, which was on record, recited his seisin in fee, and he covenanted to convey by warranty deed, and had been paid the consideration money. The defendant's

OF THE STATE OF NEW-YORK.

possession is not the less adverse from his not having a deed in his pocket; he was entitled to a deed, and held adversely to every one.

Judgment for the defendant.(a)

(a) Vide, *Jackson, ex dem. Bonnel,* v. *Sharp,* (9 *Johns. Rep.* 163.) and *Jackson, ex dem. Bonnel,* v. *Wheeler,* (10 *Johns. Rep.* 164.) S. C.