MARIA A. DEVER, Suing for the Benefit of HARRIET A. CAULKINS, Respondent, *v.* MICHAEL H. HAGERTY et al., Appellants.

EJECTMENT — ACTION BASED ON DEED VOID AS AGAINST PERSON IN ADVERSE POSSESSION — EFFECT OF SUBSEQUENT DEED TO LATTER. A deed to a third party from the owner of premises held adversely under a claim of title founded upon a tax deed is void under the statute (1 R. S. 739, § 147), as against the person in adverse possession, and a subsequent deed to him from the same grantor is good because he had the right to take the title, although he took it with knowledge of the previous deed. The owner and grantor cannot maintain an action in ejectment to recover the premises for the benefit of the prior grantee, brought after the delivery and recording of the subsequent deed, since the latter's right of entry depended upon the title of her grantor and that had been conveyed to the person in possession of the premises by the subsequent deed.

*Dever* v. *Hagerty*, 43 App. Div. 354, reversed.

(Argued January 10, 1902; decided January 28, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 9, 1899, affirming a judgment in favor of plaintiff

entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George A. Strong* for appellants. A deed of land by a grantor out of possession is void as against a party holding adversely. (*Jackson* v. *Demont*, 9 Johns. 55; *Jackson* v. *Wheeler*, 10 Johns. 164; *Jackson* v. *Foster*, 12 Johns. 488; *Jackson* v. *Smith*, 13 Johns. 406.) Plaintiff cannot recover in ejectment when the legal title is in the defendant. (*Jackson* v. *Demont*, 9 Johns. 55; *Wright* v. *Douglas*, 3 Barb. 554.) Plaintiff cannot recover for the benefit of Mrs. Caulkins when her only reason for asserting that the defendant ought not to have obtained the legal title from herself is the existence of a deed given by her to Mrs. Caulkins to give and receive which was a crime, and which the statute expressly says shall be absolutely void as against defendant. (2 R. S. [9th ed.] 1813, § 147; Penal Code, § 130; *Chamberlain* v. *Taylor*, 92 N. Y. 348; *Pierce* v. *Moore*, 114 N. Y. 256; *Jackson* v. *Given*, 8 Johns. 136; *Anderson* v. *Roberts*, 18 Johns. 515; *Dunham* v. *Reilly*, 110 N. Y. 366, 374; *Ewell* v. *Daggs*, 108 U. S. 143; *Livingston* v. *Proseus*, 2 Hill, 526; *Sands* v. *Hughes*, 53 N. Y. 287; *Becker* v. *Church*, 115 N. Y. 563; *Jackson* v. *Demont*, 9 Johns. 55.) The registrar's deed was a complete defense. (*People* v. *B. R. R. Co.*, 126 N. Y. 29; *Andrus* v. *Wheeler*, 22 App. Div. 596.)

*John Whalen, Corporation Counsel* (*William J. Carr* of counsel), for the city of New York, intervening. The assessment and tax forming the basis of the sale were regular and valid. (*May* v. *Traphagen*, 139 N. Y. 478; *Smith* v. *City of Brooklyn*, 32 App. Div. 223; *Ensign* v. *Barse*, 107 N. Y. 346; *People* v. *Turner*, 148 N. Y. 151; *Terrell* v. *Wheeler*, 123 N. Y. 76; *Lamb* v. *Connolly*, 122 N. Y. 531; *Miller* v. *Burke*, 6 Daly, 171.)

*Walter G. Rooney* for respondent. The deed to defendant Hagerty by Mrs. Dever in 1896 gave him no title to the

land in question. (*Livingston* v. *Proseus*, 2 Hill, 526;
*Chamberlain* v. *Taylor*, 105 N. Y. 185; 30 Abb. [N. C.]
175; *Danzeiger* v. *Boyd*, 120 N. Y. 628; *Hamilton* v.
*Wright*, 37 N. Y. 502.) The assessment and sale for taxes
were invalid. (*Thomson* v. *Burhans*, 61 N. Y. 52; *Simon-
ton* v. *Hays*, 32 Hun, 286; *Smith* v. *Buhler*, 121 N. Y. 213;
*Clason* v. *Baldwin*, 152 N. Y. 204; *May* v. *Traphagen*, 139
N. Y. 448; *French* v. *Whittlesey*, 30 N. Y. Supp. 363.)

WERNER, J. The action is in ejectment. The premises
are in the borough of Brooklyn in the greater city of New
York. The plaintiff, as grantor, sues for the benefit of Caul-
kins, her grantee, under a deed given while the defendant
Hagerty was in the adverse possession of the premises. A
brief recital of the chronological history of the title will
clearly define the decisive question in the case. Prior to
1886 the plaintiff, Maria A. Dever, was the owner of the
premises in suit. On May 12th, 1886, the same were sold for
arrears of taxes to the amount of $675.00, under the provis-
ions of chapter 114, Laws of 1883, relating to the then city of
Brooklyn. The defendant Hagerty was the purchaser at
said sale, and on July 11th, 1888, received a tax deed under
which he went into possession of the premises on September
19th, 1888, and has ever since remained in possession. This
deed was recorded on September 19th, 1888. On July 25th,
1895, while the defendant Hagerty was so in possession, the
plaintiff, Dever, executed and delivered to Caulkins a deed of
said premises, and this is the deed under which the plaintiff
sues for the benefit of her grantee. This deed was recorded
on August 23d, 1895. On January 20th, 1896, the plaintiff,
Dever, executed and delivered to the defendant Hagerty a
deed of the same premises, which was recorded on January
24th, 1896. The defendant Hagerty took this deed with the
knowledge that a deed had previously been given to Caulkins.

The trial court based its decision for the plaintiff upon
two grounds: *First.* That the tax deed to Hagerty was
invalid on account of irregularities in the tax proceedings.

*Second.* That the deed from Dever to Hagerty was null and void because the grantee had knowledge of the prior deed to Caulkins. The affirmance by the Appellate Division of the judgment entered, upon this decision was founded wholly upon alleged irregularities in the tax proceedings which were relied upon to invalidate the tax deed given therein. Our view of this case obviates the necessity for inquiring into the regularity of the tax proceedings or the validity of the tax deed. We think that when this action was commenced the defendant Hagerty had a title to these premises which was good as against the plaintiff and Caulkins, her grantee. When the latter received her deed Hagerty was in adverse possession of the premises under a claim of title founded upon the tax deed. The deed from the plaintiff to Caulkins was, therefore, absolutely void as against Hagerty. (R. S. [9th ed.] vol. 2, p. 1813, sec. 147; *Livingston* v. *Proseus*, 2 Hill, 526; *Chamberlain* v. *Taylor*, 92 N. Y. 348; *Pearce* v. *Moore*, 114 N. Y. 259.) The latter deed, although void as against Hagerty, was good as against the plaintiff, the grantor therein named, and, under the old common-law rule which has been retained in section 1501 of the Code of Civil Procedure, the right of entry which passed to Caulkins, the grantee, could be enforced in an action of ejectment brought in the name of her grantor. (*Hamilton* v. *Wright*, 37 N. Y. 502.) As has been intimated, we have inherited this form of procedure from the common law. It was based upon the theory that under a deed which was void as against a person in adverse possession, the title remained in the grantor, while the grantee took nothing more than a right of entry which was merely a chose in action. As the assignee of a chose in action could not sue upon it at common law, the courts created this method of permitting the assignee to sue in the name of his assignor. As applied to actions in ejectment it was simply allowing the grantee under a void deed to use his grantor's title for the purpose of getting possession of the land. With the adoption of the Code rule, requiring suits to be brought by the real party in interest and permitting

assignees of choses of action to sue in their own names, the common-law rule was abolished except as to actions in ejectment, in which the rule still survives.  Thus it is apparent that, if this action had been brought before the execution and delivery of the deed from the plaintiff to the defendant Hagerty, the plaintiff's first grantee, Caulkins, could have rested upon the title of her grantor, the plaintiff, and could have recovered unless the tax deed to the defendant Hagerty was regular and valid.  But this action was not brought until after the delivery and recording of the deed from the plaintiff to the defendant Hagerty.  What was the effect of this deed?  The answer is obvious.  As the deed from the plaintiff to Caulkins was void the title to the premises remained in the former. This title was, therefore, in the plaintiff when she subsequently executed and delivered the deed to Hagerty.  That deed conveyed the plaintiff's title to the defendant Hagerty. Since Caulkins' right of entry depended upon the continuance of title in her grantor, the plaintiff, it is difficult to understand upon what theory it could be held that the plaintiff was entitled to recover in ejectment, when the defendant had that title and was in possession thereunder.  Upon principle, it would seem so plain that the plaintiff is not entitled to recover that the citation of authorities would seem to be superfluous. But the question is also settled by authority.  In *Jackson ex dem. Lathrop* v. *Demont* (9 Johns. 55) it was held that where a tenant in possession of land, claiming to hold adversely, received a deed or release of the premises from one of the lessors, such deed was effectual and a bar to the lessor who executed it.  The chancellor, who wrote in that case, summarized it as follows: " Neither of the lessors of the plaintiff have, then, shown a right to recover.  We cannot give effect to the deed to Nichols (grantee) because of the adverse possession existing at the time of the sale, and we cannot allow Lathrop (grantor) to recover in defiance of his own deed to Miller (subsequent grantee).  To yield to the pretensions of either would be shaking established principles ; and, though Nichols may, perhaps, have ground

to complain of the act of Lathrop in conveying to Miller, instead of lending his name and assistance to recover the possession of the land for him, yet that consideration cannot affect this case. In the action of ejectment we must look steadily to the legal title." To the same effect are the cases of *Jackson ex dem. Bonnel* v. *Wheeler* (10 Johns. 164); *Jackson ex dem. Bonnel* v. *Foster* (12 Johns. 488); and *Jackson ex dem. Preston* v. *Smith* (13 Johns. 406). The last of these cases is also authority for the rule, which has steadily been adhered to in this state, that a person in possession of land claiming title may purchase in an outstanding title to protect that possession.

The case at bar, reduced to its simplest elements, may, therefore, be re-stated thus : The plaintiff had title. She attempted to convey it to Caulkins, but failed because the deed was void by reason of defendant Hagerty's adverse possession under a claim of title. Then the plaintiff conveyed to Hagerty. This deed was good because, when it was made, the plaintiff had the title and Hagerty had the right to take it. As plaintiff had no title when this action was commenced she could not maintain an action on her own account ; nor for the benefit of Caulkins because the latter's right of entry depended upon plaintiff's title. None of the essential facts being in dispute this situation cannot be changed upon another trial.

The judgment of the Appellate Division should, therefore, be reversed and complaint dismissed, with costs in all courts.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT and HAIGHT, JJ., concur; CULLEN, J., not sitting.

Judgment reversed, etc.