JOHN STEWART, Appellant, *v.* HORACE RUSSELL et al., as Executors and Trustees under the Will of HENRY HILTON, Deceased, Respondent.

*Stewart* v. *Russell*, 91 App. Div. 310, affirmed,
(Argued March 21, 1906; decided April 17, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 23, 1904, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at Trial Term.

This is an action of ejectment commenced in July, 1901, to recover the possession of certain premises known as Nos. 726,

728 and 730 Broadway in the city of New York. Several defenses were pleaded in the answer, but no evidence was given to establish them as the complaint was dismissed at the close of the plaintiff's case.

*Albert Stickney, R. Floyd Clarke* and *Lewis S. Burchard* for appellant.

*David McClure* and *James S. Darcy* for respondents.

*Per Curiam.*   Alexander T. Stewart, a naturalized citizen of the United States, after acquiring the premises in question by purchase, died in 1876 seized and possessed of the same. They are situated in the city of New York where he had resided for a long time and the action was brought on the theory that he died intestate. He left no descendant, but some evidence was given tending to show that he left him surviving one William Stewart, a cousin, who died in 1888 at the age of about sixty years, having always been a non-resident alien, leaving the plaintiff, his grandson, also a non-resident alien during his entire life, as one of the persons entitled to inherit from him, provided he died intestate, and provided also that the right to inherit was not defeated by alienage. No declaration of an intention to become a citizen was ever made by the plaintiff or by any of his ancestors, nor has any attempt to convey said premises been made either by him or by any ancestor.

When the plaintiff rested the trial court dismissed his complaint solely for the reason " that the plaintiff, being an alien, bases his right to recovery upon his immediate ancestor, who was an alien also at the time of his death as well as at the time that he took under A. T. Stewart, if he took at all." No other question was considered either by the trial court or by the Appellate Division, which unanimously affirmed the judgment rendered by the trial court and for substantially the same reason.

The only question presented for decision is whether lands in this state inherited in 1876 by a non-resident alien from a naturalized citizen, who took by purchase, could be inherited in 1888 from such non-resident alien by his nearest descendant, who was also a non-resident alien ?

This question is answered by our recent decision in *McCormack* v. *Coddington* (184 N. Y. 467), in which the facts were more favorable to the plaintiff then before the court than the facts of this case are to the plaintiff now before us. We affirm the judgment appealed from on our opinion in that case, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.