## SHERIDAN v. CARDWELL.

(Supreme Court, Appellate Division, Second Department. June 29, 1911.)

1. EJECTMENT (§ 41*)—PARTIES—SUING IN NAME OF ANOTHER.

Code Civ. Proc. § 1501, provides that an action for the recovery of real estate may be maintained by a grantee in the name of the grantor, where the conveyance under which he claims is void because the property conveyed was held adversely to the grantor. *Held*, in an action under the statute, that defendant, who asserted title by reason of a conveyance to him from plaintiff's grantor after action commenced, was precluded from asserting that plaintiff was not entitled to sue in the name of his grantor.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 135; Dec. Dig. § 41.*]

2. APPEAL AND ERROR (§ 643*)—RECORD—STIPULATIONS—OBJECTIONS.

If plaintiff's expression of a stipulation on the record was inaccurate or incomplete, defendant's counsel should have objected then, rather than after an appeal, when it was too late to correct the record according to the facts as asserted by defendant's counsel.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2791–2794; Dec. Dig. § 643.*]

3. EJECTMENT (§ 15*)—TITLE FROM COMMON SOURCE—SUPERIORITY.

Code Civ. Proc. § 1501, declares that an action for the recovery of real estate may be maintained by a grantee in the name of the grantor where the conveyance under which he claims is void because the property conveyed was held adversely to the grantor. *Held*, in an action under the statute, that a conveyance of plaintiff's grantor to defendant after action brought was effective against the earlier deed.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 59–62; Dec. Dig. § 15.*]

4. EJECTMENT (§ 90*)—RIGHT OF ACTION.

In an action under the statute (Code Civ. Proc. § 1501), where defendant claimed under a deed from plaintiff's grantor, executed after action commenced, evidence was admissible to show that the deed to defendant was procured by fraud.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 270; Dec. Dig. § 90.*]

Burr, J., dissenting.

On reargument. Order affirmed.

For former opinion, see 141 App. Div. 854, 126 N. Y. Supp. 781. See, also, 127 N. Y. Supp. 1144.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

THOMAS, J. The reargument was granted on account of a suggested failure on the part of the court to observe that there was an admission that Cogswell's father was in actual possession at the time of the delivery of his deed to Husted, plaintiff's father. Mr. Justice Rich in his opinion upon the first presentation of the appeal (141 App. Div. 854, 126 N. Y. Supp. 781) concluded that plaintiff's motion for the direction of a verdict was properly denied, for these reasons: (1) That plaintiff proved neither seisin nor possession within 20 years in herself or either of her predecessors in title, as required by section

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

365 of the Code of Civil Procedure; (2) that the action could not be maintained by Sheridan suing in the names of Adams and Post, her grantors, as there was failure to prove that defendant was claiming under a title adverse to that of Adams and Post when they conveyed to Sheridan; (3) that there was evidence that defendant's right of possession rested on tax leases other than the two proved illegal.

[1] It clearly appears that Canning, defendant's predecessor, had such title as was carried to him by tax leases (Exhibits D and F), and that he assigned them to defendant by instruments E and G. In his testimony he did speak of other leases, as he well might, as besides the two lots in question he had ten others similarly acquired. But it is obvious that he claimed under the two that he sold the defendant, and the answer sets up two leases and no more. While the defendant pleaded these leases, he also alleged that he was in actual adverse possession of the premises when Adams and Post conveyed to Sheridan, and that the deed was void, and this also is made a ground of nonsuit. In the face of this answer and such motion, defendant asserts that the action may not be maintained in the name of the grantors, and he emphasizes his inconsistency by claiming title under a deed received after this action was begun from Adams and Post to himself upon the necessary theory that the deed to Sheridan was void. The defendant has precluded himself in these several ways from affirming that the suit could not be maintained in the name of the grantors. Defendant claims adversely, but has not title by adverse possession, as he purchased in 1900 and 1902, and his predecessor, Canning, claimed under the tax title and nothing else, and sold only that.

[2] While defendant's counsel denies that he made the stipulation in a form so broad as the record recites it, his account of the matter shows that a stipulation was made to consider evidence present tending to show possession in Cogswell, and, if plaintiff's expression of it on the record was inaccurate or incomplete, defendant's counsel should have spoken in dissent then, rather than at a time when it was too late to correct the record according to the fact as he asserted it. Therefore, there was evidence of title in Post and Adams within the requirements of sections 365 and 368 of the Code of Civil Procedure. Deering v. Riley, 38 App. Div. 164, 56 N. Y. Supp. 704; affirmed 167 N. Y. 184, 60 N. E. 447.

But the verdict directed for defendant was set aside for error of the court in rejecting evidence that the deed from Adams and Post to defendant after the action was begun was procured by fraud. The learned counsel for the defendant invokes the record to show that plaintiff was not precluded by the ruling from showing such fraud. But the Presiding Justice, as the opinion shows, had a different understanding of the scope of his ruling, and granted a new trial accordingly.

[3] While the conclusion may in some aspects seem illogical, I think that a deed obtained from Sheridan's grantors after suit brought is effective against the earlier deed, in the absence of proof that it was obtained fraudulently. At the time it was given the deed from Adams and Post to Sheridan was void as against the defendant holding

adversely to plaintiff's title. But it was good as between the parties to it (Dever v. Hagerty, 169 N. Y. 481, 62 N. E. 586), and the grantee was privileged by the Code of Civil Procedure (section 1501) to bring action to recover the property in the name of the grantors. This is an absolute right which cannot be questioned by the grantors. Hasbrouck v. Bunce, 62 N. Y. 475, 483. In that case it is said:

"But the right to bring the action is conferred upon the grantee. He is recognized by law as being the real party in interest, and is empowered to use the name of his grantor whether he consent or not. The delivery of a deed under these circumstances, and in view of this statute, is an irrevocable authority to the grantee to use the name of the grantor to recover the land. The grantee in such a case stands upon a similar footing to that of an assignee of a chose in action before the Code. He could sue in the name of his assignor, and the court would protect him against any interference by his assignor."

After action brought, it seems just that the grantor should not be permitted to defeat the conveyance, and the cause of action that the grantee has by reason thereof. Otherwise the right given the grantee in the grantors' name to bring the defendant into court would be unsubstantial and defeasible by the grantors, aiding and abetting the defendant to defend by obtaining the very title in dispute, and at the same time depriving the first grantee of it with action begun. However, the technical legal status of the grantors is that of plaintiffs holding the title to the property, and, when they conveyed to the defendant, the latter took the title, and, having it, may not be ousted. Dever v. Hagerty, 169 N. Y. 481, 485, 62 N. E. 586. In that case the second conveyance was made before suit begun, but had it followed the effect would have been the same. Jackson ex dem. Lathrop v. Demont, 9 Johns. 55, 6 Am. Dec. 259.

[4] But there appears to be no reason for excluding the issue of fraud, and for error in that regard the trial court properly set aside the verdict. It does not appear whether the evidence rejected relates to the execution of the instrument or to the contract to convey. The citation of Smith v. Ryan, 191 N. Y. 452, 84 N. E. 402, 19 L. R. A. (N. S.) 461, 123 Am. St. Rep. 609, by the trial justice, indicates that he understood that the fraud and oppression was in the procurement of the execution of the deed, and that for such purpose the evidence was admissible appears from that and other decisions. Whether the evidence is admissible in this action, if it relate to the making of the agreement to convey, need not be decided, as it has not been discussed by the parties, although some indication of judicial inclination may be found in Phillips v. Gorham, 17 N. Y. 270; Mandeville v. Reynolds, 68 N. Y. 528; Sullivan v. Traders' Insurance Co., 169 N. Y. 213, 62 N. E. 146; Babcock v. Clark, 93 App. Div. 119, 86 N. Y. Supp. 976; O'Meara v. Brooklyn City R. R. Co., 16 App. Div. 204, 44 N. Y. Supp. 721.

The order is affirmed, with costs.

JENKS, P. J., and HIRSCHBERG and CARR, JJ., concur.

BURR, J. I dissent. I think that the verdict was properly directed for defendant. Catharine E. Sheridan, suing in the name of Emily

Adams and Claudina Post, her grantors, made out a prima facie case, first, because the fair construction of the stipulation which was made in the action is that Cogswell, the predecessor in title of Adams and Post, was in possession of the premises; and, second, because defendant did not rest upon the weakness of plaintiff's title, but attempted affirmatively to show his own title and proved that both claimed through a common source. Aubuchon v. New York, New Haven & Hartford R. R. Co., 137 App. Div. 834, 122 N. Y. Supp. 581. But the deed from Adams and Post to defendant, although made subsequently to the conveyance to plaintiff and subsequently to the commencement of this action, completely vested the title in him. At the time of such conveyance the land belonged to Adams and Post. So far as conveying any estate in the land itself is concerned, the deed to Sheridan was absolutely void. All that she obtained under that deed was a right to sue, which right is in the nature of a chose in action. The conveyance by Adams and Post to defendant was one which they had a right to make, even although the effect of the conveyance was to destroy this chose in action. Dever v. Hagerty, 169 N. Y. 481, 62 N. E. 586; Jackson ex dem. Lathrop v. Demont, 9 Johns. 55, 6 Am. Dec. 259. But it is claimed that the deed from Adams and Post to defendant was obtained "by trickery, by false suggestions of fact, by false statements of fact, and by duress and undue influence brought to bear upon them." Assuming, for the sake of argument, that plaintiff's exception is sufficient to present the question of the right to introduce such evidence in this action, I think that such right does not exist. If Adams and Post are the real parties in interest, although this is an action at law, I am inclined to assent to the contention in the opinion of Mr. Justice Thomas that, if the fraud and oppression relate to the execution of the deed, they may be proved in this action. If plaintiff desired to be advised as to the grounds upon which the deed was to be attacked, she might have applied to the court to compel a reply. Failing to do this, and the defense being affirmative in character, I think any evidence, either by way of denial or avoidance, was competent to the extent indicated. But if Adams and Post are not the real parties in interest, and Catharine E. Sheridan is, then the latter cannot interfere in this suit and prevent the operation of the deed from Adams and Post to defendant upon the ground that execution of the deed was fraudulently obtained. As to her, it is res inter alios acta. She must stand upon the strength of her own demise. Jackson v. Demont, supra. But no person can be heard to attack a fraudulent transaction between strangers unless such persons suffers injury as the result of the fraud. 1 Bigelow on Fraud, 199; Bell v. Johnson, 111 Ill. 374. The injury which Sheridan sustained was not by reason of the fact that the conveyance by Adams and Post to the defendant was fraudulently obtained. The injury would have been precisely the same if the conveyance had been voluntarily made by them. It does not concern her whether they were defrauded or not. She is not an assignee of that cause of action. That Catharine E. Sheridan is the real party in interest seems to be clear. Hasbrouck v. Bunce, 62 N. Y. 475. When a conveyance is

made by a party out of possession, the grantee therein, as was stated in that case, is "the real party in interest. * * * The delivery of a deed, under these circumstances, and in view of this statute, is an irrevocable authority to the grantee to use the name of the grantor to recover the land. * * * He could sue in the name of his assignor, and the court would protect him against any interference by his assignor." It is quite clear that the "irrevocable authority" there referred to and the "protection against interference" relate to the bringing of the action, and not the maintenance of it. The land is one thing. The chose in action is another. It is in the latter only that the grantee is interested. The maintenance of the action can be · defeated and the chose in action destroyed, as has been heretofore pointed out, by a conveyance of the land. When the grantee's chose in action is gone, there is nothing before the court for determination.