(153 App. Div. 372.)

CAREY v. LANGE.

(Supreme Court, Appellate Division, Second Department.   November 27, 1912.)

1. CHAMPERTY AND MAINTENANCE (§ 7*)—GRANT OF LAND HELD ADVERSELY—EJECTMENT BY GRANTOR.
    While a deed, made while the grantor was out of possession and the land was held adversely to him, was void as against the adverse holder, the grantor had a right of entry, which would support ejectment, and a judgment therein would inure to the benefit of his grantee.
    [Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 54–100;  Dec. Dig. § 7.*]

2. EJECTMENT (§ 66*)—PLEADING—COMPLAINT.
    Though a complaint in ejectment by a grantor against one holding adversely at the time of the making of the deed alleged that from a fixed date, some time subsequent to the deed, the defendant withheld possession from the grantee, the complaint was not rendered defective thereby, though the defendant owed the grantee no duty, where it sufficiently alleged that when the deed was delivered the defendant was in possession, claiming to hold adversely to the plaintiff, and that the plaintiff was entitled to immediate possession, and the allegation in question was located in a paragraph devoted to the question of damages sought to be recovered, as the allegation was not necessary to the complaint, and its only effect was to reduce the period for which damages were claimed.
    [Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 175–179;  Dec. Dig. § 66.*]

Appeal from Trial Term, Queens County.

Action by Joseph A. Carey against Alfred Lange.  From a judgment dismissing the complaint, plaintiff appealed.  Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

James A. Sheehan, of Brooklyn, for appellant.
John McCormick, of New York City, for respondent.

CARR, J.   This is an action in ejectment to recover possession of certain real property in the county of Queens.  When it came on for trial in the Supreme Court in Queens county, the complaint was dismissed, on the ground that it did not state facts sufficient to constitute a cause of action.

[1] The action was brought under section 1501 of the Code of Civil Procedure by the grantee in a deed made while the grantor was out of possession, the land being held adversely to said grantor, and was brought in the name of said grantor, for the benefit of said

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

grantee. The supposed defect in the complaint was that it failed to allege a withholding of the premises from the plaintiff grantor, but alleged simply a withholding from the plaintiff's grantee subsequent to the delivery of the deed in question. There is a sufficient allegation in the complaint that when said deed was delivered the defendant was in possession, claiming to hold adversely to the plaintiff, and that plaintiff was then entitled to immediate possession. The complaint then alleges, further, that from a fixed date, some time subsequent to the deed, the defendant withheld possession from the grantee. The learned trial court was of opinion that the allegation of such withholding from the grantee was not sufficient, but that the complaint should have alleged a further withholding from the grantor himself, rather than from his grantee.

[2] The allegation in the complaint of a withholding of possession from a fixed date subsequent to the delivery of the deed occurs in a paragraph devoted to the question of damages sought to be recovered for a withholding subsequent to the delivery of the deed. This allegation of damage was not necessary to the complaint, and had it been ignored entirely the complaint would still have stated a cause of action. While as to the defendant the deed in question was void, yet as between the grantor and the grantee it created in the grantee a right of entry as long as title remained in the grantor, and it is in the exercise of such right of entry that the statute permits the action to be maintained. Dever v. Hagerty, 169 N. Y. 481, 62 N. E. 586. Whatever judgment is obtained in such an action in favor of the formal plaintiff inures to the benefit of the grantee, who has brought the action, even though it includes damages for withholding possession. The grantee, suing in the name of the plaintiff, did not plead himself out of court by an allegation reducing the period for which damages were claimed.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

PER CURIAM. Judgment reversed and new trial granted, with costs to the appellant to abide the event, on the authority of Carey v. Lange, 138 N. Y. Supp. 555, decided herewith.