(87 Misc. Rep. 109)

### FLETCHER v. CITY OF NEW YORK.

(Supreme Court, Queens County.   October 6, 1914.)

1. EJECTMENT (§ 95*)—EVIDENCE—SUFFICIENCY.

Where plaintiff in ejectment based his title upon certain ancient town allotments, but the proof concerning such allotments was vague and indefinite, and in many instances did not show under whose authority they were made, if they ever were made, he could not recover.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 280–295; Dec. Dig. § 95.*]

2. EJECTMENT (§ 16*)—PRIOR POSSESSION TO SUPPORT ACTION.

Under the express provisions of Code Civ. Proc. § 365, ejectment cannot be maintained unless plaintiff or his predecessors in title was seised or possessed of the premises within 20 years prior to the commencement of the action.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 30–41; Dec. Dig. § 16.*]

3. EJECTMENT (§ 9*)—TITLE OF PLAINTIFF—RECOVERY ON WEAKNESS OF DEFENDANT'S TITLE.

In ejectment, plaintiff cannot succeed on the weakness of defendant's title, but must prevail, if at all, upon the strength of his own title.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 16–29; Dec. Dig. § 9.*]

Ejectment by George M. Fletcher against the City of New York. Judgment for defendant.

Noyes & Freeman, of New York City, for plaintiff.

The Corporation Counsel (Lynn C. Norris, of Brooklyn, of counsel), for defendant.

MANNING, J.  This is an action of ejectment; the land affected lying in and forming a part of what is now known as Forrest Park, and at present owned by the city of New York.  The plaintiff bases his title upon certain ancient town allotments, and further claims to have proved a prima facie case by showing possession of the property under a collateral chain originating in the same grantor, and he asserts that he has definitely and accurately located the boundaries of the land claimed so as to include the premises in question.  The defendant contends that the plaintiff has failed to make out a prima facie case; that he did not trace title back to the crown; that no proof of possession of plaintiff, or his predecessors in title, has been shown.

The evidence is largely documentary, the careful examination and reading of which discloses a situation which demands a dismissal of the plaintiff's complaint upon the merits.

[1, 2] The main difficulty with the plaintiff's case is in reference to the so-called town allotments.  The proof concerning them is very vague and indefinite, and in many instances the so-called "allotments" do not show under whose authority they were in fact made, if they were ever made.  Another difficulty with the plaintiff's case is his inability to properly locate the lot in question.  The exhibits, including diagrams or plottings, were made by the surveyor, not from certain

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

149 N.Y.S.—19

original surveys, but from certain deeds and maps in his possession; and, as the court remarked upon the trial, it is impossible to see how the locus in quo can be located from these diagrams so that a judgment can be founded upon them. Still another difficulty with the plaintiff's case is that sufficient proof of possession by the plaintiff, or his alleged predecessors, was not offered upon the trial. The Code of Civil Procedure, § 365, provides that ejectment cannot be maintained unless the plaintiff or his predecessors in title was seised or possessed of the premises in question within 20 years of the commencement of the action. The courts have sanctioned this rule in Sheridan v. Cardwell, 145 App. Div. 609, 130 N. Y. Supp. 638; People v. Inman, 197 N. Y. 200, 90 N. E. 438; Wing v. De La Rienda, 131 N. Y. 422, 30 N. E. 243.

[3] Plaintiff, of course, cannot succeed upon the weakness of the defendant's title, but must prevail, if at all, upon the strength of his own.

The court finds that sufficient evidence has been produced by the defendant showing possession in itself and its immediate grantors, and that its record title through the deed from Van Wyck to Polhemus and from Polhemus to Van Siclen is superior to that of the plaintiff.

Complaint dismissed, and judgment for defendant upon the merits.