Paul D. Graves, J.
This action is brought under article 15 of the Beal Property Law to compel determination of claims to real property. There are no questions of fact in dispute.
Lucy A. Turnbull, daughter and devisee of Stephen B. Van Duzee, by deed dated December 1, 1922 conveyed to the Stephen B. Van Duzee Hospital, a membership corporation, premises in the village of Gouverneur, New York, consisting of a large home on William Street and a smaller house on Wall Street. Although fronting on different streets, these lots are back to back and form one parcel.
Specifically, the 1922 deed states that Mrs. Turnbull, as party of the first part, in consideration of one dollar, “ does hereby grant and release unto the party of the second part, its successors and assigns forever ” the property which is the subject of this litigation. In addition the deed contains the following clauses: ‘ This deed is given and received upon the following conditions: First: That the party of the second part, its successors and assigns, shall forever use the hereby granted property for hospital purposes only; shall never mortgage, or in any manner whatsoever pledge, charge, or encumber, or suffer or permit to be encumbered, the real property hereby granted or any part thereof; that any violation of these conditions, or any failure or neglect to maintain a general public hospital shall work a complete and absolute forfeiture by said Hospital Corporation, its successors or assigns, of the hereby granted property and estate and the same shall thereupon revert and become part of the residuary estate of the party of the first part. Second: That the possession of the said property and estate shall not be surrendered by the party of the first part until her decease. ’ ’
Thereafter by deed dated June 4, 1927 the grantor Lucy A. Turnbull, surrendered possession of the larger building on William Street to the hospital which right of possession was reserved in the earlier conveyance of 1922; this second deed recited it was “ made subject to the same conditions as said deed” (meaning, of course, the original grant), and for the purpose of having the grantee “ take over and occupy and use *920 the large house on the said premises, and the yard connected with it, for hospital purposes as soon as possible.”
The will of the late Mrs. Turnbull dated July 7, 1924 (together with two codicils of no present significance), was probated November 26, 1928. Paragraph “ Twelfth ” contained, in part, the following words: “ Whereas on December first, 1922, I deeded my homestead including adjoining lands and tenements on William and Wall Streets, in Gouverneur, N. Y. to the Stephen B. Van Duzee Hospital Association, I hereby ratify and confirm such gift and grant. ’ ’ In the ‘ Seventeenth ” paragraph, she named the Board of Foreign Missions of the Presbyterian Church in the United States of America, the Board of Home Missions of the Presbyterian Church in the United States of America, and the Stephen B. Van Duzee Hospital residuary legatees, each to take a one-third interest.
After the second deed of 1927, a general public hospital was established on the premises fronting on William Street, and, after the death of Mrs. Turnbull, the smaller house on Wall Street was used as a nurses’ home.
The property was so utilized until August, 1950 when a new public hospital on different premises was opened principally because of the generosity and philanthropy of Edward J. Noble; the newer institution continues to operate as the only hospital in the village of Gouverneur. Since the Summer of 1950 the old hospital has not been used for any purpose, while the smaller house on Wall Street has been rented and the income placed in the general funds of the hospital.
By change of name, the Stephen B. Van Duzee Hospital became the Edward John Noble Hospital of Gouverneur, New Yoj-k, the plaintiff herein.
fit is essential, in the first instance, to determine the nature or the estate conveyed by the 1922 deed to the Stephen B. Van Duzee Hospital. If the clause creating the fee simple in the hospital had included automatic words of termination — for example, ‘ so long as the property is used for hospital purposes only” or “until the property ceases to be used for hospital purposes only ” — the hospital would have received a fee simple determinable. In that event, when hospital use ceased, the property would have automatically reverted to the grantor or her estate even though the stated gift to her residuary estate was an invalid suspension of the absolute power of alienation. (Leonard v. Burr, 18 N. Y. 96; Institution for Savings in Roxbury v. Roxbury Home for Aged Women, 244 Mass. 583; 6 American Law of Property, §§ 24.62, 25.8.) However, the clause creating the fee simple in the hospital contained none of *921 these characteristic words appropriate to the creation of a fee simple determinable.
The grantor of the 1922 deed gave a fee simple to the hospital with a clear expression of intent that this estate should be superseded by a fee simple in “ the residuary estate ” of the grantor. This is “ a fee * * * limited on a fee” (often called an executory interest or conditional limitation) specifically recognized by section 50 of the Real Property Law. However, that section also prescribes that the fee limited on a fee must, to be valid, be “ on a contingency which, if it should occur, must happen within the period prescribed in this article ’ namely, ‘ ‘ not more than two lives in being at the creation of the estate ”. (Real Property Law, § 42.) It is obvious that the contingencies specified in the 1922 deed (failure to use the premises for hospital purposes only or encumbering the property) could occur at any remote date without reference to lives in being in 1922. Consequently, the future interest which the grantor attempted to create in her residuary estate is void, and the hospital has held a fee simple absolute since the date of the original conveyance, subject only to the retained right of possession for life which was released to the hospital in 1927. The present case is controlled by Walker v. Marcellus & Otisco Lake Ry. Co. (226 N. Y. 347). (6 American Law of Property, § 25.9.)
The residuary legatees and devisees named in the will of Lucy A. Turnbull turned out to be three charities. Had these charities been named in the 1922 deed as the takers of the “ fee limited on a fee ”, they would have been able to claim the exemption from the rule against perpetuities and related statutory rules usually accorded where there is a remote gift over from one charity to another. (See 6 American Law of Property, § 24.40.) But the 1922 deed did not restrict the future interest to charities; any residuary devisees, or none, might have been named. Consequently no exemption from the provisions of section .50 of the Real Property Law can be successfully asserted.
The forfeiture clause in the 1922 deed cannot be construed as a right of entry for condition broken exercisable by the grantor during her life or by her heirs after her death. The deed specifies that the future interest shall “ become part of the residuary estate ” of the grantor. ¡ A right of entry can be exercised after the grantor’s death only by the grantor’s heirs determined as of the time the condition is brokenT] Stated differently, the right is not inheritable, but passes to the heirs as representatives of the grantor; and under this view, as expressed by the courts of this State, the heirs are determined as of the time of *922 the happening of the contingency, and not as of the date of the grantor’s death. (Upington v. Corrigan, 151 N. Y. 143.) I Conditions subsequent are not favored in the law and are construed strictly, because they tend to destroy estates.’ They can only be reserved for the benefit of the grantor and his heirs, and no others can take advantage of a breach of them.” (Nicoll v. New York & Erie R. R. Co., 12 N. Y. 121,131.) It should also be added that, like possibilities of reverter, conditions subsequent often defeat the basic intention of the testator or grantor. (See Leach & Tudor, The Rule against Perpetuities, 189-192, commenting upon Brown v. Independent Baptist Church of Woburn, 325 Mass. 645.)
It is not necessary to^jpass on plaintiffs’ contention that the provisions in Mrs. Turnbull’s will operated to discharge or release the condition. It would be difficult to so construe the intent of the testatrix. In fact in the second deed of 1927, made some years after the date of her will, Lucy Turnbull again reaffirmed that the supposed condition of the original deed applied except for her right of possession.
As part of the relief requested, plaintiff asks that the premises in question be sold, and the proceeds used for the general maintenance of the present hospital. It appearing that such would be for the best interest of plaintiff, such a sale may be made subject, however, to the approval of the court.
The counterclaims of the defendants Board of Foreign Missions and Board of Home Missions are dismissed.
Submit findings of fact, concconclusions of law, and judgment