Paul D. Graves, J.
This is a motion by defendant for summary judgment pursuant to CPLR 3212. It is conceded no fact is in dispute and only a question of law is presented.
The action was brought for judgment declaring plaintiff to be the owner, and entitled to immediate possession, of certain described lands in the Town of Oswegatchie, St. Lawrence County formerly used for the purpose of a railroad line, and to recover damages for the alleged wrongful withholding of the premises from plaintiff.
Plaintiff asserts his right to possession by virtue of two instruments, one designated “an agreement ” and the other an “indenture”. Both are dated and recorded June 29, 1878 and contain identical descriptions and terms, whereby plaintiff’s father, Smith Stilwell, conveyed an interest in a strip of land 80 feet wide to the Ogdensburg and Morristown Railroad Company. The instruments, in part, contain the following material language:
Whereas the said party of the second part a Railroad Corporation of the State of New York engaged in constructing a Railroad from Morristown to Ogdensburg in said State and being desirous to obtain the right of way through certain lands in the town of Oswegatchie which the said Smith Stilwell claims to own and the said Smith Stilwell being willing to quit claim the lands necessary for the use of said party of the second part through his said lands upon the covenants conditions and for the consideration hereinafter named Therefore This Agreement Witnesseth that the said Smith Stilwell for and in consideration of the covenants conditions and for the consideration hereinafter mentioned doth hereby grant and convey unto the said party of the second part and to its successors or assigns forever The following parcels of land. (Herewith descriptions following).
The party of the second part accepts this conveyance upon the following terms First that it will construct and put in operation and maintain forever a *1014 Railroad over the land hereby granted within a reasonable time Second that it will maintain during the time it may operate said Rail Road the convenient cattle and carriage ways and passes now constructed'across or under the track of said Railroad so as to accommodate each of the farms through which this grant extends in a proper and convenient manner The Cattle passes to be maintained as contracted or as may be contracted under the Rail Road track or tracks when such construction is practicable, Third that in case it may hereafter become the owners of the claim which is made to a right of way for a railroad across said farm lots it will immediately thereafter convey to said Smith Stilwell or the then owner or owners of the said farms all of said land not embraced in this conveyance. The true intent and meaning being that in case said Ogdensburg and Morristown Rail Road Company shall at any time become the owner of the outstanding claim or right if any of and to the strip of land conveyed by the said Smith Stilwell and Wife to the Ogdensburg Clayton and Rome Railroad Company by conveyance dated September 28, 1854, recorded December 13, 1854 in the office of the County Clerk of St. Lawrence County it will immediately thereupon execute & deliver a deed or deeds of all of said strips not embraced in this conveyance to the then owner or owners of the farms through which the strips hereinbefore described run except a strip forty (40) feet Each side of the central line and parallel thereto Fourth that the said party of the second part will pay said Smith Stilwell three hundred dollars in cash at the delivery of this conveyance and the said party of the second part hereby covenants and agrees to faithfully keep all the covenants on its part and accepts this conveyance upon said terms.
The instruments were executed by both parties thereto. The railroad line was maintained and operated across these premises until 1963 when the New York Central Railroad Company, as successors of the Ogdensburg and Morristown Railroad, abandoned the line and ceased operation of rail service from Ogdensburg to Morristown. The New York Central by quitclaim deed dated June 1, 1964 conveyed the premises which is the subject of this litigation to defendant.
Probably it should firstly be observed that despite the preliminary language used in the instruments describing the purpose of the railroad and its desire to obtain a right of way, the court is of the opinion the instruments, taken as a whole, convey a fee rather than create an easement. The language used, “ Smith Stilwell * * * doth hereby grant and convey unto the said party of the second part and to its successors or assigns forever”, is appropriate for the conveyance of a fee. (See Concklin v. New York Cent. & Hudson Riv. R. R. Co., 149 App. Div. 739, app. dsmd., 207 N. Y. 752; Corning v. Lehigh Val. R. R. Co., 14 A D 2d 156.) Nor does the fact the Ogdensburg and Morristown Railroad Company was organized under the Railroad Laws of 1850 (L. 1850, ch. 140, § 28, subd. 2) prevent the railroad from acquiring by voluntary grant a fee simple. (Corning v. Lehigh Vail. R. R. Co., supra.) Even if words are used in a deed which could be construed as creating *1015 a limitation with a possibility of reverter, or creating conditions subsequent, or a power of termination, nevertheless the railroad would receive a fee and not necessarily an easement. (Vail v. Long Is. R. R. Co., 106 N. Y. 283; Nicoll v. New York & Erie R. R. Co., 12 N. Y. 121.)
This brings in focus the more difficult question as to the nature of the estate conveyed, and whether a condition was, in fact, actually created.
If the instruments create a condition subsequent with right of entry, or a possibility of reverter, section 345 of the Real Property Law would not bar plaintiff’s action as Board of Educ. v. Miles (15 N Y 2d 364) declared such section unconstitutional and void as applied to such rights maturing under an instrument executed and delivered before September 1, 1961 and effective after such date.
It would not appear that the instruments create a possibility of reverter since there are no characteristic words therein such as “until”, “so long as”, “during”, or words of similar import indicating automatic termination. (Nichols v. Haehn, 8 A D 2d 405; Noble Hosp. of Gouverneur v. Board of Foreign Missions of Presbyterian Church in U. S., 13 Misc 2d 918.)
A fee on special limitation or a fee simple determinable is called a possibility of reverter under section 59-a of the Real Property Law. A condition subsequent is referred to as a power of termination under section 59-b of the Real Property Law. Assuming that either of these estates was created, it would make little difference to decide between the two under the practical facts of the instant case. Although the complaint is based on the theory plaintiff is the devisee of Smith Stilwell, it also appears from the affidavits (and is practically conceded) that plaintiff is also the sole surviving heir of his father, Smith Stilwell. The chief difference between a possibility of reverter and a power of termination is that in the former the happening of the event automatically terminates the estate which is probably alienable, whereas the latter a re-entry is necessary in ease of a breach to effectuate the forfeiture and is not assignable but passes only by descent to the grantor’s heirs. (See and cf. Nichols v. Haehn, supra', Fausett v. Guisewhite, 16 A D 2d 82.) See, also, section 59 of the Real Property Law, which abrogates the rule that powers of termination are not alienable, descendible and devisable but is not applicable to rights or interest existing prior to September 1,1962.
It is plaintiff’s specific claim that the abandonment of the land for railroad tracks in 1963 violated the condition that the grantor would maintain forever a railroad over the granted *1016 land. Defendant, on the other hand, contends the promise to maintain the railroad perpetually by the language used in the conveyance did not create a condition subsequent, or power of termination, but at the most can be construed only as a covenant.
It will be noted that the instruments nowhere contain a forfeiture clause, nor any provision for re-entry after breach. While it is possible to find in several cases a statement, in the abstract sense, that the presence of a clause of reverter or re-entry is not essential, nevertheless it is clear the courts have assigned such absence or presence as a most important influence in determining whether the language in a deed should be construed as a covenant or a condition. Thus, in Post v. Weil (115 N. Y. 361, 371) it is stated: “It may be noted that there is no clause in the deed giving the right to re-enter for conditions broken. While the presence of such a clause is not essential to the creation of a condition subsequent, by which an estate may be defeated at the exercise of an election by the grantor, or his heirs, to re-enter, yet its absence, to that extent, frees still more the case from the difficulty of giving a more benignant construction to the proviso clause. The presence of a re-entry clause might make certain that which, in its absence, is left open to construction ”. In Graves v. Deterling (120 N. Y. 447, 457) the court noted: “There is no provision for a forfeiture of re-entry, nor anything from it can fairly be inferred that the continuance of the estate is to depend upon the supposed condition, yet this is regarded as essential in order to create a condition.” (Citing Lyon v. Hersey, 103 N. Y. 264, 270; Craig v. Wells, 11 N. Y. 315, 320.) See, also, 26 C. J. S., Deeds, § 141; 1 Warren’s Weed, New York Real Property, p. 573.)
These citations make it clear the law does not look with favor upon forfeitures, and the courts have been inclined in cases difficult of solution to resolve a doubt in a disputed agreement as creating a covenant rather than a condition subsequent. (See, also, Allen v. Trustees of Great Neck Free Church, 240 App. Div. 206; Freer v. Glen Springs Sanitarium Co., 131 App. Div. 352; Van De Bogert v. Reformed Dutch Church, 219 App. Div. 220; De Kay v. Board of Educ., 20 Misc 2d 881.)
The fact that the instruments contain the words ‘ ‘ conditions ’ ’ or use the language “ upon the following terms ” in referring to the conveyance by the grantor and acceptance by the grantee is not conclusive that the intention was to create an estate strictly upon condition. (Avery v. New York Cent. & Hudson Riv. R. R. Co., 106 N. Y. 142, 154, 155; Zweig v. Sweedler, 140 App. Div. 319; Matter of Gaffers, 254 App. Div. 448.)
*1017 In the court’s opinion the language used in the 1878 deed to the railroad does not create a condition subsequent or any other limitation on the fee conveyed, and the provision for the operation and maintenance forever of a railroad over the premises is at most a covenant or descriptive of the purposes for which the land was to be used.
There is still an additional factor which seemingly would prevent plaintiff’s success in this action. It appears from the abstract of title that Smith Stilwell and his wife conveyed by warranty deed dated September 28,1854 land, for the consideration of $800, to the Ogdensburg, Clayton and Rome Railroad Company, which land seems to include the same premises conveyed in the deed of 1878 to the Ogdensburg and Morristown Railroad Company. The abstract shows that the receiver of the Ogdensburg, Clayton and Rome Railroad Company conveyed to three named individuals, two of whom by separate deeds conveyed premises to the Ogdensburg and Morristown Railroad Company. This deed of September 28, 1854 does not appear to contain any conditions or limitations. In any event, plaintiff’s complaint is not based upon this deed. It is questionable therefore whether Smith Stilwell had any interest remaining in the premises to convey by the later deed to the Ogdensburg and Morristown Railroad Company. It is, of course, elementary that in order to successfully maintain an action of ejectment, plaintiff must rely upon the strength of his own title and cannot recover upon the weakness of defendant’s title. (Roberts v. Baumgarten, 110 N. Y. 380; Stewart v. Russell, 91 App. Div. 310, affd. 184 N. Y. 601; Sheridan v. Cardwell, 141 App. Div. 854, on rearg. 145 App. Div. 609.)
Defendant’s motion for summary judgment is granted.